PERSONAL FINANCE COMPANY OF LINCOLN, APPELLANT, v. JOSEPH J. HYNES, APPELLEE.

FILED MARCH 6, 1936. No. 29747.

*Woods, Woods & Aitken,* for appellant.

*Max G. Towle, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

The Personal Finance Company brought this suit in equity to enjoin Hynes, a former employee, from a continuing breach of a contract with it. The plaintiff appeals from a judgment in favor of defendant.

The plaintiff is engaged in the small loan business. The defendant was manager of its Lincoln office from December, 1931, until June, 1935. In July, 1935, defendant associated himself with another in the same kind of business. The contract under which plaintiff seeks relief contains a provision which reads: "That for a period of one year after the termination of my employment for any reason I will not engage in any way, directly or indirectly, in any business competitive with the employer's business, nor solicit or in any other way or manner work for or assist any competitive business, in any city or the environs or trade territory thereof in which I shall have been located or employed within one year prior to such termination." The defendant is now working as the active manager, in a business competitive with that of the plaintiff, in violation of the express term of the contract. A contract restricting employment in a competitive business for one year within the city, or the environs or trade territory, imposes reasonable condi-

tions and is valid and enforceable. *Dow v. Gotch,* 113 Neb. 60, 201 N. W. 655.

In such a case a court of equity has jurisdiction to protect the plaintiff's rights, notwithstanding the fact that the contract provides for liquidated damages. *Tarry v. Johnston,* 114 Neb. 496, 208 N. W. 615. The remedy at law thus provided is not adequate. The defendant, within the first year after the termination of his employment, is capable of doing irreparable damage. At that time, his relation with the customers of the plaintiff is close and unbroken. An action at law would furnish only partial relief.

However, the defendant asserts in his answer and evidence that prior to ending his employment with the plaintiff and before a breach of the restrictive provisions of the contract, he was released from its restriction in this particular. If the defendant's allegations are supported by the evidence, the contract was modified at a time when there had been no breach. T. E. Jeffries, field supervisor, and G. A. Weiant, supervision director of the plaintiff company, with broad general authority to act for the company, had several conversations with the defendant while he was in their employ relative to this provision. They had conversations also with Mr. Waller, the financial backer of the new loan company, for whom the defendant went to work as alleged in plaintiff's petition. These conversations were in the presence of third persons. The substance of the conversations was to the effect that it was all right with them for him to work for the new competitive concern, and that they would not rely upon the restrictive agreement in their contract. One of the officials of the plaintiff company, T. E. Jeffries, was the representative of the company who had negotiated and approved the contract for the company in the first instance. It was also accepted by another official, but it appears as a fair inference from the record that both Jeffries and Weiant were representatives of the company with general authority. The trial court so found, and the finding is entitled to consideration, since he observed the witnesses' demeanor on the witness-stand. The evidence is such that

such a finding is necessary here. The rule is well established in this jurisdiction as announced by Pound, C., in *Bowman v. Wright*, 65 Neb. 661, 91 N. W. 580: "While executory and before a breach, the terms of a written contract may be changed by a subsequent parol agreement; and such subsequent agreement requires no new consideration."

*Prime v. Squier*, 113 Neb. 507, 203 N. W. 582, and *Corcoran v. Leon's, Inc.*, 126 Neb. 149, 252 N. W. 819, are recent cases in which this rule has been cited, approved, and followed. The judgment of the trial court was, therefore, the correct one.

AFFIRMED.