142 So.2d 332 (1962)
Clarence O. BEERY et al., Appellants,
v.
The PLASTRIDGE AGENCY, INC., Appellee.
No. 2838.
District Court of Appeal of Florida. Second District.
June 13, 1962.
*333 John W. Spinner, of Gringle, Spinner & Adams, Delray Beach, for appellants.
James C. Downey, of Paty & Downey, West Palm Beach, for appellee.
KANNER, Judge.
Plaintiff-appellee, in an equity proceeding, sought injunctive relief against defendants-appellants as to the asserted violation by defendants of a restriction against competition contained in two employment contracts. Defendants' motion to dismiss the complaint for failure to state a cause of action upon which relief could be granted was denied by the chancellor, and this interlocutory appeal is from the order of denial.
Through the complaint it was alleged essentially by the plaintiff insurance agency of Delray Beach, Florida, that defendants Beery and Brown entered into employment contracts with plaintiff during the years 1958 and 1959, respectively, and that these two agreed thereby to provide their services as licensed insurance solicitors and sell all lines of insurance on behalf of plaintiff. Each contract contained a covenant that defendants would refrain from engaging in the insurance business in Palm Beach and Broward Counties, the locale of plaintiff's insurance agency operations, directly or indirectly, for a period of five years after the date upon which their employment terminated. Certain liquidated damages were specified in the event of breach by defendants of the restrictive provision as to competition. That provision reads:
"It is mutually agreed between the parties that in the event of a breach of the provisions of paragraphs 4 or 5 of this agreement by the Second Party, First Party will sustain liquidated damages in the amount of $5,000.00. By way of indemnification of First Party for such damage in the event of a breach of the provisions of paragraphs 4 or 5 of this agreement, Second Party hereby agrees to execute and deliver, receipt of which is hereby acknowledged, a demand promissory note payable to First Party in the amount of $5,000.00 which First Party shall hold in its possession until five (5) years from the date of termination of this agreement. In the event that Second Party should breach the provisions of paragraphs 4 or 5 during such five (5) year period, said promissory note shall become due and payable upon demand by First Party and shall bear interest at the rate of six per cent (6%) per annum from the date of such demand until paid. It is expressly understood by the parties hereto that said sum is not to be construed as a penalty or forfeiture but is set out herein and provided as the actual and liquidated damages that will be sustained by First Party upon breach by Second Party of the provisions of paragraphs 4 or 5 of this agreement."
Asserted in the complaint also was the statement that plaintiff on March 31, 1960, received notice of termination of employment by defendants and that thereafter, on May 9, 1960, defendants opened an office in Delray Beach for the purpose of selling insurance in Palm Beach and Broward Counties. It was further charged that defendants were disloyal employees in that *334 they attempted to persuade other employees of plaintiff to join them and succeeded in luring away a number of insurance clients of plaintiff. Detriment to the business of plaintiff and dimunition in its income were alleged to have resulted from these activities of defendants. The prayer of the complaint was that defendants be enjoined from participating in the general insurance business or any line of it in the named area for a period of five years.
The chancellor, in denying motion of defendants to dismiss, cited as support for this order section 542.12(2), Florida Statutes, F.S.A.,[1] and the case of Atlas Travel Service v. Morelly, Fla.App. 1957, 98 So.2d 816.
In their brief, appellants point out that they have not raised the question of reasonableness of the agreement not to compete. On appeal, they contend essentially that the provision for liquidated damages contained within each employment contract had been designated by the parties as a complete means of assessing damages which might be suffered through prospective breach of the covenant not to compete and that the mutually-agreed-upon liquidated damages should be construed as operating in lieu of injunctive relief. They urge that an adequate remedy at law has been supplied to plaintiff and that the implicit intent was to substitute this remedy for any other, so that, by mutual agreement of the parties, no jurisdiction remains under which equitable relief may be sought.
Constitutionality of section 542.12(2), Florida Statutes, F.S.A., under which plaintiff premised his suit for relief, was sustained in the case of Standard Newspapers, Inc. v. Woods, Fla. 1959, 110 So.2d 397. In Atlas Travel Service v. Morelly, supra, cited by the chancellor, the appellant, on a month-to-month basis, orally hired appellee as manager of its Daytona Beach office. After about three years, with appellant's employment continuing uninterrupted, the parties entered into a written contract which contained a restriction by which appellee agreed not to compete with any business engaged in by appellant in Daytona Beach for a period of two years after termination of his employment. In the event of breach of that provision, appellee agreed to pay $2,000 as liquidated damages. Within the prohibited two year period, he became associated with a competing business in Daytona Beach. Appellant sought injunctive relief and the appeal was from the chancellor's final decree denying the relief. The appellate court reversed, holding that the provisions of the contract relating to time and area were reasonable and well within the directive of section 542.12(2), Florida Statutes, F.S.A., and injunctive relief was therefore appropriate. Although there was a liquidated damages clause stipulating a sum to be paid in the event of breach of the covenant not to compete, in the opinion of the appellate court directing that injunctive relief be granted, no comment was made concerning the significance of this provision.
A provision for liquidated damages in a contract does not necessarily bar injunctive relief against its breach. If, however, it appears that the liquidated damages clause was intended to furnish a party the alternative of performance or payment or was to be an exclusive remedy, an injunction will not be issued. 43 C.J.S. Injunctions § 80c(6), pages 556, 559. In Restatement of Contracts, Vol. II, section 378, page *335 700, it is indicated that a provision in a contract for payment of liquidated damages for breach of a promise does not preclude the specific performance of the promise. In 28 Am.Jur., Injunctions, section 93, page 591, it is stated that in a number of cases as a general rule if a sum stipulated to be paid on breach is truly liquidated damages equity will not interfere by injunction to prevent the breach but will leave the aggrieved party to his remedy at law. However, the statement continued, according to the trend of the authorities, incorporation of a specified sum as liquidated damages does not necessarily oust equitable jurisdiction to restrain breach of the contract. Corbin in his work on contracts, Vol. V, section 1213, page 881, says that contracts in reasonable restraint of trade and competition generally will be enforced through the remedy of injunction and that this is not altered by inclusion in the contract of a provision for assessing a certain sum as liquidated damages in the event of a breach.
From the other jurisdictions, the prevailing view appears to be that a provision for liquidated damages will not, of itself, preclude equitable jurisdiction or injunctive relief. See Maddox v. Fuller, 1937, 233 Ala. 662, 173 So. 12; Harris v. Theus, 1907, 149 Ala. 133, 43 So. 131, 10 L.R.A.,N.S., 204; McCurry v. Gibson, 1895, 108 Ala. 451, 18 So. 806; Hartkopf v. Southland Corporation, Tex.Civ.App. 1953, 256 S.W.2d 241; Personal Finance Co. of Lincoln v. Hynes, 1936, 130 Neb. 547, 265 N.W. 541; and Adams v. Adams, 1953, 156 Neb. 778, 58 N.W.2d 172. These cases concern agreements not to compete. The New York jurisdiction has also considered this issue in cases involving such agreements and has held that a stipulation for liquidated damages does not oust equity from jurisdiction to entertain an application for injunctive relief. See Foster v. White, 1936, 248 App. Div. 451, 290 N.Y.S. 394, affirmed, 1937, 273 N.Y. 596, 7 N.E.2d 710; Brina v. Baylis, Sup. 1956, 156 N.Y.S.2d 467. Also illustrative of this view is a case from the Illinois jurisdiction, Bauer v. Sawyer, 1955, 6 Ill. App.2d 178, 126 N.E.2d 844, wherein injunctive relief was approved after an extended discussion on enforcement of agreements not to compete. That decision was affirmed by the Supreme Court of Illinois, 1956, 8 Ill.2d 351, 134 N.E.2d 329.
The appeal centers on the adequacy of the allegations of the complaint under attack by motion to dismiss. These allegations, when such a motion is made, are admitted to be true. It is not deducible from the complaint that there was the intention to provide defendants with the option of abiding by the restriction not to engage in a competing business or of paying damages for breach, nor does it appear that the assessing of liquidated damages was intended as the exclusive remedy. The chancellor properly entered the appealed order.
Affirmed.
ALLEN, Acting C.J., and WHITE, J., concur.
NOTES
[1] "542.12(2) One who sells the good will of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the good will from him, and so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction."