MARGARET RAMBO, APPELLANT, V. DONNA M. GALLEY ET AL.,
APPELLEES.

199 N. W. 2d 14

Filed June 30, 1972.   No. 38385.

William H. Mecham, for appellant.

Lathrop, Albracht & Dolan, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is an appeal from the dismissal of an action by Margaret Rambo, plaintiff, owner and operator of an employment agency, against a former employee, Donna

M. Galley, Ralph W. Knapp, her husband, and Personnel Placement, Inc., for an injunction restraining defendants from operating an employment agency in competition with plaintiff, and for damages. We affirm.

Plaintiff opened her employment agency in April of 1966. She hired the defendant, Donna Galley, as an interviewer, in November of 1968. Donna left her employ April 17, 1969. Personnel Placement, Inc., was incorporated in March 1969. It was financed by the defendant Knapp, who subsequently married Donna, and conveyed one-half interest in the corporation to her. Personnel Placement, Inc., opened for business on April 21, 1969, under the management of Donna.

Plaintiff testified that when she hired Donna, although the employment contract was oral, Donna signed an agreement she would not enter the employ of another agency nor open an agency of her own within a 150-mile radius of Omaha for a period of 1 year from the termination of her employment. Donna specifically denies signing any such agreement. Plaintiff further testified that when she heard Donna had opened a competing employment agency she looked for the file containing the agreement in question but the file had disappeared.

Plaintiff's former husband testified that he had seen an agreement not to compete bearing Donna's signature; and that he was able to recognize her signature because he had seen it daily for months. When three signatures were produced in court, with the request that he identify Donna's signature, he was unable to do so. Two of plaintiff's former employees who were there during the period of Donna's employment testified that they had signed such agreements. One was requested to sign a new one after Donna left. One of these employees testified that in a subsequent conversation with Donna, Donna denied that she had ever signed such an agreement.

The contract form used by Personnel Placement, Inc., is identical with the one used by plaintiff. There is little

question the new corporation made use of plaintiff's forms. Plaintiff's testimony would also indicate that at the time Donna left her employ, she took with her all of the applications which she was then processing. This Donna denies. Two of Donna's placements during the last week in April were unprocessed applicants of plaintiff's agency at the time of the termination of Donna's employment. Donna testified these applicants came in response to an ad. Donna concedes that among the employers she contacted there were some she had contacted while in the employ of the plaintiff, because she contacted all possible employers, using the yellow pages of the telephone directory. Plaintiff had no exclusive contracts with any of these employers. The customary procedure for any agency is to call employers about possible vacancies.

Plaintiff did not produce her records, but in an attempt to establish damages testified as to her income for the period from 1966 through 1970. Her testimony on gross and net income for that period was as follows:

|      | GROSS INCOME | NET INCOME |
|------|-------------|------------|
| 1966 | $ 9,640     | $ 1,000.00 |
| 1967 | 21,347      | 4,563.19   |
| 1968 | 49,503      | 13,000.00  |
| 1969 | 51,740      | - 2,000.00 |
| 1970 | 60,000      | 16,000.00  |

Plaintiff's advertising expense for 1966 through 1969, was as follows:

| 1966 | $ 3,000 |
|------|---------|
| 1967 | 3,600   |
| 1968 | 9,700   |
| 1969 | 16,000  |

In 1969, plaintiff's rent was increased over 1968, and because she hired additional personnel, her payroll increased approximately $4,000.

Donna, during the 5 months of her employment with the plaintiff, became familiar with plaintiff's procedures and with some of plaintiff's clientele. It is undisputed

that the business is a very competitive one. Within a brief period after Donna left plaintiff's employ, 10 to 15 other new employment agencies entered the field.

If Donna signed an agreement not to compete for a period of 1 year, it would be enforceable. Personal Finance Co. v. Hynes (1936), 130 Neb. 547, 265 N. W. 541. The question is whether or not there was such an agreement. The testimony of the parties is conflicting and irreconcilable. The inference to be drawn from plaintiff's testimony is that the agreement is unavailable because Donna removed the file which contained those agreements from plaintiff's office. The trial court observed the witnesses, heard their testimony, and found the evidence insufficient to prove the existence of the agreement.

Our law is well settled that when an action in equity is appealed it is the duty of this court to try the issues de novo and to reach an independent conclusion without reference to the findings of the district court. Where in such case the oral evidence in respect to material issues is so conflicting that it cannot be reconciled, this court will consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite. Satterfield v. Dunne (1966), 180 Neb. 274, 142 N. W. 2d 345. This we do herein.

In any event, the trial court properly sustained the motion to dismiss the action for the reason that plaintiff failed to adduce sufficient evidence of damages to sustain a recovery. The rules of law applicable herein were well stated in Gallagher v. Vogel (1953), 157 Neb. 670, 61 N. W. 2d 245: "While the measure of damages in an action for the breach of an agreement by the seller not to re-enter business in competition with the buyer is usually difficult of exact computation, he who is damaged will not be precluded from recovering because of that fact.

"In such an action, the plaintiff will be called upon,

in order to recover substantial damages, to furnish such data to enable the court, with a reasonable degree of certainty and exactness, to estimate the actual damages, and if he fails to do this he can recover only a nominal sum.

"The general rule is that the party injured by a breach of contract is entitled to recover all of his damages, including gains prevented, as well as losses sustained, provided they are certain and such as might naturally be expected to follow the breach."

These rules are equally applicable to a contract not to compete, executed by an employee.

We assume it to be plaintiff's contention that she would have had a much greater increase in gross income and a profit in 1969, except for the fact that defendants started a competing agency. There is no way, from the evidence, to tell what this increase might have been. Plaintiff did not put her records in evidence. It is not even possible for comparison purposes to determine what plaintiff's gross income was for the 3½ months in 1969, covering Donna's employment.

Plaintiff adduced some testimony as to what a large national employment agency might charge to franchise an operation such as the defendants. This evidence clearly was immaterial on the issues herein. We agree with plaintiff that damages in these cases are not easily susceptible of accurate proof. However, there must be sufficient evidence to enable the court, with a certain degree of exactness, to estimate plaintiff's damages. Expressed generally, the criterion must include the value of the business lost to the plaintiff, which could be gains prevented as well as losses sustained. However, there is no evidence which might indicate what that figure could be. Plaintiff increased her gross income during 1969. Whether that increase might have been greater except for Donna entering a competing agency is pure speculation on this record. While plaintiff said she sustained a $2,000 loss during the year, her testimony also

is that she considerably increased her advertising expense, her rent, and her payroll. These figures compared to the previous year were sufficient to account for a deficit.

Defendants were in competition with the plaintiff for approximately 8 months in 1969. Yet there was no evidence adduced of gross or net income, or of expenses broken down into monthly periods for 1969. We assume plaintiff's business records would have readily revealed this information, but they are not available to us. It is entirely possible that with increased expenses the net income was diminishing during the early part of 1969. There is evidence that Donna was dissatisfied with her income from the plaintiff. In the absence of special circumstances, which do not exist herein, it is beyond question that an employee, unless contractually prohibited, may upon the termination of his employment, compete with his former employer either on his own or on another's behalf. See Annotation, 28 A. L. R. 3d, § 3, p. 25.

On the record before us, even if Donna had executed an agreement not to compete, the most that could be allowable herein would be nominal damages for its breach. Plaintiff has failed to sustain her proof on damages. The judgment of the district court is affirmed.

AFFIRMED.