287 So.2d 726 (1974)
Joel W. HUNTER, Appellant,
v.
NORTH AMERICAN BIOLOGICALS, INC., a Delaware Corporation, and Its Subsidiary Company, Inter-Coastal Biologicals, Inc., a Florida Corporation, Appellees.
No. 73-70.
District Court of Appeal of Florida, Fourth District.
January 8, 1974.
*727 Jack A. Nants, Orlando, for appellant.
Robert M. Segal, of Roth, Segal & Levine, Orlando, for appellees.
SHOLTS, T.C., Associate Judge.
This is a timely interlocutory appeal by appellant, (defendant below) from an order of the trial court granting temporary injunctive relief to appellee (plaintiff below).
On November 30, 1972, appellee filed a complaint in the Circuit Court of the Ninth Judicial Circuit for Orange County, Florida, seeking temporary and permanent injunctive relief against appellant for violation of a written non-competition agreement. On January 8, 1973, the trial court entered a temporary injunction against appellant prohibiting him, within the boundaries of Orange County, Florida, from engaging in any activity on his own behalf or on behalf of any competitor of appellee, which was the same as or similar to work engaged in by him while employed by appellee and further prohibited appellant from disclosing any confidential information he gained while employed by appellee.
Appellee is a Florida corporation dealing in blood plasma with offices in Orange County, Florida. On February 11, 1970, appellant, while employed by appellee, executed a non-competition agreement which provides in part:
"During the time I am an employee of NABI, and for a period of one (1) year thereafter, I will not engage in any activity, on my own behalf or on behalf of any competitor of NABI, which is the same as or similar to work engaged in by me as an employee of NABI, unless I have the written consent of NABI."
Appellant left the employ of appellee in November, 1972, and obtained employment with another Orlando firm engaged in business similar to that of appellee, although appellant's position with his new employer (as manager) differed from his former position with appellee.
Appellant asserts the trial court erred by granting the temporary injunction and in failing to dismiss the complaint.
This interlocutory appeal involves the application of F.S. Section 542.12, F.S.A. 1971, which pertinent provisions provide:
"(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by *728 subsections (2) and (3) hereof, is to that extent void.
"(2) ... one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business... within a reasonably limited time and area . .. so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction."
As to appellant's first point, his argument is threefold. He argues that the blood plasma business is, in fact, a "profession" and therefore the provisions of paragraph (2) of the subject statute are inapplicable. We disagree. White v. Allen, Fla. 1970, 240 So.2d 635, affirming White v. Allen, Fla.App. 1970, 232 So.2d 766, and Akey v. Murphy, Fla. 1970, 238 So.2d 94.
Second, appellant argues that since the agreement fails to specify any geographical area to which it is applicable, the agreement is so vague and broad as to be void and unenforceable. We disagree. Flammer v. Patton, Fla. 1971, 245 So.2d 854; Kofoed Public Relations Associates, Inc. v. Mullins, Fla.App. 1972, 257 So.2d 603, cert. denied Fla., 263 So.2d 230; and Lee v. Watsco, Inc., Fla.App. 1972, 263 So.2d 241.
Third, appellant argues that the agreement was not enforceable because appellant accepted a different position with the competitive company than he held with appellee. We disagree. The trial court has jurisdiction to determine the issue of the similarity of positions and, in its discretion, to enforce the covenant in respect thereto. Further, accepting employment in a similar business is inclusive of the term "engaging in a similar business" within the provisions of the subject statute. Storz Broadcasting Co. v. Courtney, Fla.App. 1965, 178 So.2d 40.
Finally, appellant's argument that the trial court committed error in not dismissing the complaint is without merit. The statute is in derogation of the common law and provides for injunctive relief. Atlas Travel Service, Inc. v. Morelly, Fla. App. 1957, 98 So.2d 816. The complaint alleges:
(a) The contract
(b) The appellant's intentional direct and material breach thereof.
(c) No adequate remedy except by injunctive relief.
The court, when considering a motion to dismiss must accept these allegations as true. The allegations are sufficient to state a cause of action under the statute. Beery v. Plastridge Agency, Inc., Fla.App. 1962, 142 So.2d 332.
The trial court properly entered the appealed order, and the same is hereby affirmed. This cause is remanded to the trial court for all further proceedings not inconsistent therewith.
Affirmed and remanded.
OWEN, C.J., and CROSS, J., concur.