287 So.2d 724 (1974)
Kent W. HIGGINS, Appellant,
v.
INVESTORS ACCEPTANCE COMPANY OF MIAMI, a Florida Corporation, Appellee.
No. 73-634.
District Court of Appeal of Florida, Third District.
January 8, 1974.
*725 Rentz, McClellan & Haggard, Miami, for appellant.
Robert S. Korschun, Harold A. Turtletaub, Miami, for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, plaintiff in the trial court, seeks review of an adverse summary judgment finding that the tortfeasor in this cause was not an employee of the defendant.
Plaintiff's deposition and an affidavit of Mr. William Maer, defendant's employee, revealed the following facts which were before the trial judge upon the motion for summary judgment: On April 13, 1972 as plaintiff and his wife were about to go to bed, they heard a loud knock on the door of their North Miami Beach apartment. Plaintiff went to the door, and Mr. Maer, accompanied by another unidentified man, informed plaintiff he was an employee of the defendant, and he asked to see Mrs. Higgins in regard to a $13.00 payment upon an account. When plaintiff asked about the second man, Mr. Maer informed the plaintiff that "he's working with me." Plaintiff then told Mr. Maer that his wife was sick, but in the meantime, Mrs. Higgins appeared, standing behind her husband. At that point, Mr. Maer attempted to advance through the door, but plaintiff held his hands up to restrain his advance. Plaintiff testified that Mr. Maer then stepped aside, and the second man sprayed him in the face with a can of mace, knocking him to the floor. Plaintiff filed his complaint against defendant alleging an assault and battery by the two men acting in the course and scope of their employment.
The defendant moved for summary judgment contending that the man who sprayed mace in plaintiff's face was not an employee of the company. In response, plaintiff provided the court with Mr. Maer's affidavit in which he stated that he was employed to collect on various accounts for defendant, and he brought the second man along with him because he had to travel into a dangerous neighborhood on his motorcycle to properly perform his job and he considered the second man essential for safety purposes. The trial court granted the motion for summary judgment finding no evidence that the defendant knew or sanctioned the actions of the tortfeasor under any legal theory of liability.
Plaintiff argues that the tortfeasor was in effect a subemployee of the defendant, and the case of Jacobi v. Claude Nolan, Inc., Fla.App. 1960, 122 So.2d 783 requires reversal. We disagree.
In Jacobi, the plaintiff instituted an action against a Mrs. Charett, as owner of a vehicle, one Pinkerton, as driver of the car, and Claude Nolan, Inc., a company engaged in the sale and repair of automobiles. *726 The company moved for summary judgment alleging it exercised no control over Pinkerton, who was not an agent of the company but was at best only an agent of the company's employee, salesman John Sanuta. The trial court granted summary judgment in favor of Claude Nolan, Inc., but on appeal the court reversed, stating:
"That the general practice and custom of using helpers was followed by the Corporation's salesmen in respect to contacts with their customers is indicated, we think, by the testimony of Sanuta to the effect that in this manner and with the assistance of Pinkerton, the automobile sold to Mrs. Charett was delivered to her in the first instance." [Emphasis supplied.]
We also recognize that the employer-employee relationship may arise by implication "from the nature of the business or the course of trade." Jacobi v. Claude Nolan, supra, p. 788. However, the facts in the case sub judice fail to demonstrate either a general practice or a custom by employees for the defendant in hiring bodyguards for themselves while making collections. Nor are we convinced that the employer in this case should have been aware from the nature of his business that an employee would hire such a subemployee.
The general rule which holds an employer liable under the doctrine of respondeat superior for torts committed within the real or apparent scope of the employer's business does not apply in a situation such as exists in this case when an employee hires a helper which his employer neither directed in fact, nor could be considered from the nature of the employment to have authorized or expected the employee to hire. See Weiss v. Jacobsen, Fla. 1953, 62 So.2d 904; Columbia By The Sea, Inc. v. Petty, Fla.App. 1963, 157 So.2d 190.
Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.