MAGER, Judge
(dissenting):
Although it would appear to me that if a summary judgment is to be granted it should be in favor of the defendant, the existence of an apparent ambiguity on the face of the noncompetitive agreement and the susceptibility of that agreement to more than one reasonable interpretation precludes summary disposition and necessitates a further hearing on the merits. Commercial Trading Co. v. Zero Food Storage, Inc., Fla.App.1967, 199 So.2d 109. Merely because both parties have moved for summary judgment suggesting the absence of any genuine issue of any material fact does not necessarily resolve the existence vel non of such issue. Shaffran v. Holness, Fla.1957, 93 So.2d 94.
It is abundantly clear from a reading of the noncompetitive agreement clause that an ambiguity exists which the appellate court, rather than the trial court, has attempted to resolve. In this regard it should be pointed out that in construing any contractual restraint on trade, i. e. a contract not to compete, ambiguous or doubtful language is resolved against the restraint. Store Broadcasting Co. v. Courtney, Fla.App.1965, 178 So.2d 40. The majority, however, while recognizing the ambiguity created by the noncompetition clause proceeds to resolve such ambiguity in favor of the restraint concluding that its interpretation “is the only reasonable interpretation to be given the contract”.
. In reviewing the provisions of the “COVENANT NOT TO COMPETE” as set forth in the majority opinion, it is apparent that the phrase “in any such manner” could be meant to refer to any type of competitive employment (as the majority suggests) or it could be construed as limiting such competitive employment with “any business under any name similar to the service name” of the plaintiff. Interestingly, nowhere in the entire provision is there any language prohibiting the defend *602 ant from competing as an employee or otherwise in any business “of the same type” as distinguished from any business “under any name similar to the service name” of the plaintiff. Cf. Miller Mechanical, Inc. v. Ruth, Fla.1974, 300 So.2d 11; Hunter v. North American Biologicals, Inc., Fla.App.1974, 287 So.2d 726.
Accordingly, because the wording of the agreement “is ambiguous and the parties contend for different interpretations” a genuine material fact issue exists precluding summary disposition. Commercial Trading Co. v. Zero Food Storage, Inc., supra. Therefore I would reverse.