DIAMOND MATCH DIVISION OF DIAMOND INTERNATIONAL CORPORATION, A CORPORATION, APPELLANT, V. ABRAHAM M. BERNSTEIN, ALSO KNOWN AS "BUD" BERNSTEIN, APPELLEE.

243 N. W. 2d 764

Filed July 7, 1976. No. 40483.

Frost & Meyers, for appellant.

Frederick S. Cassman of Abrahams, Kaslow & Cassman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

In this action plaintiff prays for an order restraining defendant for a period of 2 years from accepting orders for products or services similar to those dealt in by plaintiff from any customer of plaintiff in the territory in which defendant was employed by plaintiff. Judgment was entered for defendant in the District Court. We affirm.

Plaintiff employed defendant for a period of about 6½ years as a salesman of book matches with accompanying advertising. Plaintiff also handled hundreds of other products but they were not sold by defendant. Defendant's territory comprised Nebraska, the western half of South Dakota, and about three-fourths of Iowa. At least 60 percent of the business was done through

jobbers in the area and the balance by direct sales to large banks and other institutions. The match book business is a highly competitive one with about 11 other firms in the field. It is not contended that plaintiff's customers were exclusive customers as they may well have been dealing with other firms also.

Defendant had received 2 days training in the field. He was not cognizant of any trade secrets and had only common knowledge as to jobbers, other prospective customers, and prices, which information was also available to competitors. He did know these people and who the customers were that he had dealt with successfully for plaintiff. Plaintiff's evidence indicated that it classed as customers only those it had billed during the past year, approximately 75. Business depended on the initiative and industry of the salesmen. There is a substantial turnover in salesmen.

The parties had entered into a restrictive employment agreement. Either party could terminate defendant's employment by giving notice. On termination by either party, defendant was not to solicit orders for products similar to those sold by plaintiff in his former sales territory for a period of 2 years. The agreement provided it was to be governed by the laws of the State of New York and if any provision should be held invalid, it would not affect the validity of other provisions. The evidence does not reveal where the agreement was entered into but its performance was limited to the defendant's sales territory and his residence was in Nebraska.

Defendant's employment with plaintiff was terminated on March 24, 1975. Defendant had on that date mailed a letter of resignation, effective March 28, 1975, to his district sales manager and on meeting him later that day, gave him a copy of it. Defendant's resignation was accepted on the spot and his employment terminated. Defendant is now employed by a competitor.

Plaintiff urges that we determine this case on the basis of New York law. We can see little, if any, dif-

ference between the laws of the two states regarding this field. Contracts in restraint of trade must conform to the public policy of the State of Nebraska when executed or to be performed in this state and must comply with the laws of this state. "A general rule in this jurisdiction is that a contract made in another state and valid under its governing laws is considered valid here, and will be enforced, unless the enforcement of the contract would violate the positive law or the settled public policy of this state or would work an injury to this state or its citizens." Dunlop Tire & Rubber Corp. v. Ryan, 171 Neb. 820, 108 N. W. 2d 84.

The laws of the State of New York, like those of the State of Nebraska, provide for the enforcement of reasonable contracts in restraint of trade by injunction when necessary to protect the interests of a former employer. See, Bates Chevrolet Corp. v. Haven Chevrolet, Inc., 213 N. Y. S. 2d 577, 13 App. Div. 2d 27; Personal Finance Co. v. Hynes, 130 Neb. 547, 265 N. W. 541; Securities Acceptance Corp. v. Brown, 171 Neb. 406, 106 N. W. 2d 456.

The laws of the State of New York further provide that: "Restrictive covenant will not be enforced where effect would be to protect plaintiff from ordinary competition rather than to protect plaintiff's business against competition by improper and unfair methods." Triple D & E, Inc. v. Van Buren, 339 N. Y. S. 2d 821, 72 Misc. 2d 569. See, also, Rochelle v. Amendola, 204 N. Y. S. 2d 937, 11 App. Div. 2d 786; Jaymar's, Inc. v. Schwartz, 235 N. Y. S. 2d 449, 37 Misc. 2d 314.

In Securities Acceptance Corp. v. Brown, *supra,* we have held: "There are three general requirements relating to partial restraints of trade: First, is the restriction reasonable in the sense that it is not injurious to the public; second, is the restriction reasonable in the sense that it is no greater than is reasonably necessary to protect the employer in some legitimate interest; and third, is the restriction reasonable in the sense that it is

not unduly harsh and oppressive on the employee. * * *

"Satisfactory proof is required of the one seeking injunctive relief to establish the necessity for and the reasonableness of covenants restraining the inherent right to labor in cases when the restraint deals with the performance of personal services."

In the present instance there would not appear to be any objection to application of the laws of New York. It is conceded that the business of plaintiff is a highly competitive one involving numerous salesmen for other companies calling on and selling to the same set of customers; no trade secrets are involved and customer lists and prices are known to all competitors; no unusual training is required and there is a substantial turnover of salesmen; and, finally, the defendant has no unusual talents but is simply a hard worker. If defendant was not employed by a competitor, some other salesman with presumably equal ability would be. To restrict the defendant's right to such employment would work a hardship on him, would not protect plaintiff against unfair or improper competition, and apparently would not even serve to restrict its ordinary competition. As stated in Securities Acceptance Corp. v. Brown, *supra,* the burden is upon the plaintiff to establish the necessity for a restraint on the inherent right to perform personal services. We find that such necessity has not been demonstrated.

The judgment of the District Court is affirmed.

AFFIRMED.