PETER BREWER, APPELLANT, V. WESLEY L. TRACY, APPELLEE.

253 N. W. 2d 319

Filed May 11, 1977. No. 41019.

Baldwin & Koenig, for appellant.

David E. Cording, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, C. THOMAS, J.

Plaintiff Peter Brewer operates a refuse disposal service in Hebron and Deshler, Nebraska. The busi-

ness consists of picking up waste and refuse from residences and businesses in those two towns. In June 1974 the defendant Wesley L. Tracy was employed by plaintiff Brewer and remained in his employ until September 27, 1975. The defendant Tracy drove the garbage truck and picked up the refuse at each location. The contract of employment was oral. In November 1974 the plaintiff, as a condition of continuing in his employ, required defendant Tracy to enter into an agreement "that upon the severance by said second party from the employ of the first party for any reason whatsoever either by the action of the employer or employee, said employee will not engage in the trash service business in Hebron or within 15 miles circumference of Hebron, Thayer County, Nebraska, for a period of five years from the date of such severance." It was also agreed that the defendant Tracy would not compete with any prospective purchaser of plaintiff Brewer's trash business for a like period. Shortly after resigning from the employment of the plaintiff, the defendant began soliciting customers of the plaintiff. Plaintiff brought action and secured a temporary restraining order on the 29th day of September 1975. The defendant was engaged in the trash collection business for 2 days prior to being restrained. At the conclusion of the hearing, the trial court found that the restrictions contained in the employment agreement, not to compete for a period of 5 years nor within 15 miles of the community of Hebron, Nebraska, were not reasonable as to time or space. The employer appeals.

When an equity action is appealed to the Supreme Court, it is the duty of this court to try the issues de novo and to reach an independent conclusion without reference to the findings of the District Court. Rambo v. Galley, 188 Neb. 692, 199 N. W. 2d 14.

In Diamond Match Div. of Diamond International Corp. v. Bernstein, 196 Neb. 452, 243 N. W. 2d 764

(1976), plaintiff employed the defendant for about 6½ years as a salesman of book matches with accompanying advertising. The contract of employment provided that for a period of 2 years after the termination of his employment, employee would not engage in a similar line of work in his sales territory. The evidence disclosed that there were 11 other competitors in the field and that it was a very highly competitive business. The employee had no knowledge of any trade secrets but only the common knowledge of other salesmen, jobbers, and other prospective customers and prices, which information was also available to all competitors. It was there stated: "In Securities Acceptance Corp. v. Brown, * * * (171 Neb. 406, 106 N. W. 2d 456 (1960)), we have held: 'There are three general requirements relating to partial restraints of trade: First, is the restriction reasonable in the sense that it is not injurious to the public; second, is the restriction reasonable in the sense that it is no greater than is reasonably necessary to protect the employer in some legitimate interest; and third, is the restriction reasonable in the sense that it is not unduly harsh and oppressive on the employee.' * * *

" 'Satisfactory proof is required of the one seeking injunctive relief to establish the necessity for and the reasonableness of covenants restraining the inherent right to labor in cases when the restraint deals with the performance of personal services.' "

There are 9 other communities within the 15-mile radius encompassed in the agreement to which the plaintiff did not extend service. The record is silent as to whether any solicitation was made for refuse hauling in those communities or whether, in fact, the plaintiff had the capacity to engage in refuse hauling in those communities were the business opportunities available to him.

The employee Tracy was possessed of no special skills and was furnished no list of customers not

otherwise available to the public. The obvious customers for a refuse and trash business were the residences and businesses in the cities and villages being served. The charge for residences was a flat rate and was of common knowledge in the community; however, testimony was presented that the employer would sometimes confer with the employee on the amount of refuse generated by a particular business to see if the amount charged was in line with the service being provided. Employee Tracy was paid $700 per month. The contract was one for personal service. The trial court, in its memorandum, indicated that the time elapsed between the date of the issuance of the temporary injunction September 29, 1975, and the date of trial January 15, 1976, was more than sufficient to protect the plaintiff. The court held that 5 years was an unreasonable limitation on the right of a working man to labor. We further hold that a contract to restrict a laborer from engaging in an occupation, if valid at all, must be restricted to the area in which the personal service was performed. Nothing appears in the record and no reason has been suggested to us that would justify a restriction on the defendant-employee engaging in the refuse and trash business in the nine other communities in Thayer County, Nebraska, in which neither the plaintiff-employer nor the employee ever served.

The trial court was correct. The judgment of the District Court is affirmed.

AFFIRMED.