WELCOME WAGON INTERNATIONAL, INC., A CORPORATION, APPELLANT, V. HOSTESSES, INC., A CORPORATION, ET AL., APPELLEES.

255 N. W. 2d 865

Filed July 13, 1977. No. 41089.

Stanley C. Goodwin of Cunningham Law Office, for appellant.

Ronald D. Mousel for Mousel & Burger, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The plaintiff Welcome Wagon International, Inc., engages in the business of soliciting businessmen in a local community to participate in a program whereby their employee, the hostess, calls upon newcomers to a community and promotes the products of the local businessmen who in turn pay Welcome Wagon for each contact of a newcomer within the community. The defendant, Jo Ann Smolczyk, was employed by the plaintiff Welcome Wagon beginning in April 1969 and continuing through October 1974 in the capacity of a hostess in McCook, Nebraska. Plaintiff and defendant entered into a contract of employment which was dated March 27, 1973, and April 9, 1973, in which the defendant agreed that she would not for 5 years after the termination of her employment directly or indirectly compete with her employer in McCook or in any other city in the State of Nebraska or United States in which Welcome Wagon, the employer, is now operating or where it has signified an intent to operate. After the defend-

ant left the employ of Welcome Wagon, she caused to be incorporated the defendant Hostesses, Inc., which began in January of 1975 to render the same or similar services to local businessmen as were rendered by Welcome Wagon by their former employee Jo Ann Smolczyk.

The action was filed in the District Court to enjoin the defendants Hostesses, Inc., and Jo Ann Smolczyk from competing with the plaintiff in McCook, Nebraska, or in any other city in which the plaintiff was operating.

There is no evidence in the record that the defendant Jo Ann Smolczyk, during the term of her employment with the plaintiff, ever engaged in any personal service for the plaintiff in any city other than McCook, Nebraska. Quite apart from the question of whether the 5-year term would in itself be reasonable, the case is governed by Brewer v. Tracy, 198 Neb. 503, 253 N. W. 2d 319, where we said: "We further hold that a contract to restrict a laborer from engaging in an occupation, if valid at all, must be restricted to the area in which the personal service was performed." The trial court was clearly right in its determination that the restraint on the exercise of the defendant Jo Ann Smolczyk's occupation was not reasonable nor necessary nor appropriate to afford fair protection to the plaintiff in whose favor the restriction was made. See, Securities Acceptance Corp. v. Brown, 171 Neb. 406, 106 N. W. 2d 456; Farmers Underwriters Assn. v. Eckel, 185 Neb. 531, 177 N. W. 2d 274.

The judgment of the District Court is affirmed.

AFFIRMED.