PER CURIAM.
Plaintiff seeks review by interlocutory appeal of an order denying its prayer for a temporary injunction to restrain defendants from taking possession of or attempting to take possession of a certain described strip of land, and from cutting timber, bulldozing the land, using the same for a road, or in any manner interfering with the use and occupation thereof by plaintiff. It is contended that the trial court abused its discretion by arbitrarily denying plaintiff’s prayer for a temporary injunction contrary to the evidence adduced at the hearing before the court.
At the hearing on appellant’s application for injunction appellant proved a prima fa-cie case entitling it to the relief prayed for by establishing ownership of the land traversed by the road in question and adducing evidence tending to show that the road had never been acquired by defendant county either by purchase, gift, eminent domain, public user, or prescription. In opposition to plaintiff’s position, however, defendants adduced evidence tending to prove that the road in question had been in existence for a period of more than twenty years during which the public used it as a public road between two important communities of the *739 county. At the conclusion of the hearing, the trial court announced:
“ * * * I think there is a very clear justiciable, debatable issue here as to whether or not this is a public road. It has been and is entitled to be kept open and that’s a matter that does involve, as counsel has mentioned, a good many things. It’s not just that there was a road but there can be other things involved in it. The evidence does indicate that this was part of what was one time a very well recognized public road between two well established communities between Arran and Wakulla and that there has been some use of it. I don’t think it has been established conclusively by any means that this has been or that this continues to be and was at the time of the things complained of, a public road, but I think there’s enough here to show that there is a real justiciable controversy. * * * ”
Our examination of the record discloses competent and substantial evidence supporting the trial judge’s findings and the order based thereon. This court’s function at the interlocutory stage of this case has been established by the decisional law of Florida as follows:
“The discretion of the chancellor as to whether he should grant or continue an injunction is well recognized. An appellate court will not interfere with the exercise of this judicial discretion unless abuse thereof is clearly made to appear, or unless the chancellor’s ruling is clearly against the weight of the evidence.” [1]
The remaining points presented by appellant have been considered but are not sufficient to justify a reversal of the order here reviewed. Interlocutory appeal dismissed.
CARROLL, DONALD K., Acting C. J., and RAWLS, and WIGGINTON, JJ., concur.

. 17 Fla.Jur. 439, 440, Injunctions, § 83.