330 So.2d 561 (1976)
NORTHWESTERN NATIONAL INSURANCE COMPANY, Appellant,
v.
Stanley GREENSPUN and Bert Rudick, Individually and On Behalf of All Other Persons Similarly Situated, Appellees.
Nos. 75-1927, 75-1944.
District Court of Appeal of Florida, Third District.
April 20, 1976.
*562 Welbaum, Zook, Jones & Williams and Dan B. Guernsey, Miami, for appellant.
Michael E. Lipsky, Miami Beach, and Albert Wilensky, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
We are presented with an interlocutory appeal and a petition for certiorari directed to an order of the circuit court which denied Northwestern National Insurance Company's motion to dissolve a temporary injunction and directed that a board of three members be impaneled to hear testimony offered by the parties and make findings. The complaint of the appellees Stanley Greenspun and Bert Rudick was filed by them as representatives of a class. In the complaint it was alleged that the insurance company intended to increase its premiums upon its major medical insurance policies. The complaint further alleged that the real intention of the insurance company in increasing its rates was not to obtain higher premiums but to avoid contracts already written. Based upon these allegations, the plaintiff prayed (1) for a temporary injunction prohibiting a proposed rate increase, (2) for a permanent injunction of the same nature, and (3) for such other relief as the court might find proper. Based on this complaint and after taking testimony, the court entered a temporary injunction as follows:
* * * * * *
"6. That the Defendant, NORTHWESTERN NATIONAL INSURANCE COMPANY, is hereby enjoined from increasing its insurance premiums and is disallowed any further rate increases on the individual comprehensive health protection insurance policies owned by the Plaintiffs and members of that class, which are payable on or after the date of this Order, until further Order of this Court.
"7. That the Court finds that pursuant to Rule 1.610 of the Florida Rules of Civil Procedure it is impracticable for the Plaintiffs to give bond and that said Plaintiffs, due to the size of the class, are unable to give bond at this time."
* * * * * *
The insurance company moved to dissolve the temporary injunction and an evidentiary hearing was held. Thereafter, the court entered the order which is now appealed. This order is, in pertinent part, as follows:
* * * * * *
"1. The Defendant's Motion be and the same is hereby denied.

*563 "2. The Court upon its own Motion hereby directs that a board of three members be impaneled to hear testimony offered by the parties and to make its findings known to the Court with respect to those matters in controversy between the parties.
"3. That each of the parties shall submit two appointments of individuals to be considered by the Court as members of the aforesaid board. The respective appointments of the parties shall consist of one accident and health insurance actuarial and one individual knowledgeable and conversant in the field of accident and health insurance."
* * * * * *
In this appeal, it is urged by the insurance company that the purpose of the suit is to have the circuit court set the rate that the company may charge on its policies and that such a purpose is outside the circuit court's jurisdiction. We readily agree that the circuit court does not have the power to set rates that may be charged upon private contracts of insurance in this state. Cf. Nationwide Mutual Insurance Company v. Williams, Fla.App. 1966, 188 So.2d 368, 372. An injunction for this purpose would be improper. See Seaboard Oil Co. v. Donovan, 99 Fla. 1296, 128 So. 821, 825 (1930), holding that an injunction against the breach of a contract is measured by the same rules and practice as that involved in actions for specific performance. Jurisdiction to decree specific performance of a contract is exercised in two classes of cases: (1) where the contract's subject matter is of such a special nature that damages, when ascertained upon legal rules, would be inadequate; (2) or where damages are impracticable in that no real compensation can be arrived at through an action at law. See 29A Fla.Jur. Specific Performance § 14, and authorities cited thereat.
We cannot agree with the appellant that it conclusively appears from the record presented to us that it is the intent of the complaint to have the circuit court set the rate that may be charged upon plaintiffs' policies of insurance with the defendant. It is reasonable to interpret the complaint as a prayer for an injunction to prevent fraud upon, and irreparable harm to, the plaintiffs. The record before the court does not contain the insurance contracts and the evidence presented does not substantiate appellant's contention that this is the purpose that the plaintiffs hoped to achieve by their lawsuit.
It is well-established that the granting of a temporary injunction is a matter within the discretion of the trial court and that it will be reversed upon interlocutory appeal only when it has no basis in the pleadings and evidence before the trial court or is illegal in its nature. See Wakulla-Silver Springs Company v. Smith, Fla.App. 1970, 249 So.2d 738, and authorities noted thereat. We hold that upon this record it does not appear in this instance that the injunction is either without basis or is illegal in its nature. We, therefore, affirm that portion of the order which denied appellant's motion to dissolve the injunction.
The second portion of the order which directs the impaneling of a board or commission to hear the evidence of the parties and presumably to recommend action to the trial court is beyond the scope of the Florida Rules of Civil Procedure. The impaneling of such a board smacks of an attempt by the court to regulate the insurance company. There is no basis in the Florida Statutes or the law for such regulation of insurance companies by the circuit courts of this state.
It is true that a circuit judge may, under the provisions of R.C.P. 1.490(b), *564 appoint special masters and that, upon a proper showing, a person other than a member of the bar may be appointed where special expertise is necessary. See Powell v. Weger, Fla. 1957, 97 So.2d 617. There is nothing in the order appealed to bring the appointment of a proposed board within the authority of this rule. We, therefore, hold that the portion of the order which directs the appointment of a board and provides for the personnel of that board is beyond the authority of the circuit court, and is hereby reversed.
This cause is remanded to the circuit court with directions to proceed with the cause to determine the rights of the plaintiffs and the defendant under their contracts upon the allegations of the complaint and the answer of the defendant.
Affirmed in part, reversed in part and remanded with directions.