374 So.2d 552 (1979)
Robustiano PUGA and Medmolds, Inc., et al., Appellants,
v.
SUAVE SHOE CORPORATION, Appellee.
Nos. 79-706, 79-734.
District Court of Appeal of Florida, Third District.
July 31, 1979.
Rehearing Denied September 6, 1979.
Fine, Jacobson, Block, Klein & Colan and Theodore Klein, Robinson & Greenberg and Barry N. Greenberg, Miami, for appellants.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff and David L. Ross, Miami, for appellee.
Before PEARSON, HENDRY and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The defendants-appellants have failed to demonstrate that the trial court abused its discretion in granting a temporary injunction enforcing, pendente lite, a so-called "non-competitive" agreement validated by Section 542.12(2), Florida Statutes (1975). Northwestern National Ins. Co. v. Greenspun, 330 So.2d 561 (Fla. 3d DCA 1976); Stirling Music Co., Inc. v. Feilbach, 100 So.2d 75 (Fla. 3d DCA 1958). Contrary to their contentions on appeal, the showing in the record that the covenant in question was being directly violated and that "from the nature of the act or the circumstances [the breach] cannot be readily, adequately, and completely compensated for with money, ..." 17 Fla.Jur. Injunctions § 22 (1958) is itself sufficient to support the finding of irreparable injury which was made by the trial judge and which is necessary to justify such an order. Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974); Capelouto v. Orkin Exterminating Co. of Florida, 183 So.2d 532 (Fla. 1966), appeal dismissed, 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10 (1966); West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla. 1958); see Uni-Chem Corp. of Florida, Inc. v. Maret, 338 So.2d 885 (Fla. 3d DCA 1976). Accordingly, the order under review is
Affirmed.