MILLS, Judge.
Summerlin appeals the trial court’s grant of a preliminary injunction against him. We affirm.
As part of his employment contract with Lamar Advertising, Summerlin signed a covenant not to compete within a 50-mile radius for a period of two years following the termination of his employment with Lamar. When Summerlin subsequently became employed by Mott Signs, Lamar sought a temporary restraining order for violation of the covenant. The temporary restraining order was granted and remained in effect until 2 April 1982, at which time a hearing was held. After the hearing, the trial court on 7 April 1982 extended the terms of the temporary restraining order until further court order, and on 23 April 1982, the trial court entered the amended preliminary injunction from which Summerlin appeals.
Summerlin complains that the petition for the temporary restraining order failed to comply with the requirements of Rule 1.610(b), Florida Rules of Civil Procedure. Because the temporary restraining order by its own terms lasted only until 2 April, this complaint is moot.
He also contends that the complaint did not sufficiently allege irreparable harm, one of the essential elements of a preliminary injunction. Wilson v. Sandstrom, 317 So.2d 732 (Fla.1975). However, paragraph *782 7 of the complaint alleges that “the damages that Plaintiff will sustain cannot be determined and compensated for in an action at law.” Such an allegation is sufficient. Puga v. Suave Shoe Corp., 374 So.2d 552 (Fla. 3d DCA 1979).
Summerlin further contends that Lamar has an adequate remedy at law by virtue of the liquidated damages provision in paragraph 6 of the employment agreement. This contention is incorrect. Paragraph 6 prohibits the solicitation of customers or site lessors of Lamar or the employing of any of Lamar’s present employees for a period of two years. On the other hand, paragraph 5 prohibits Summerlin from becoming an employee of any of Lamar’s competitors within a 50-mile radius for a period of two years. Because it is paragraph 5 that Summerlin has allegedly breached, the liquidated damages provision of paragraph 6 is inapplicable.
Injunction is an appropriate remedy for breach of a covenant not to compete. Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla.1974). The grant of a temporary injunction is a matter within the discretion of the trial court. Northwestern National Insurance Co. v. Greenspun, 330 So.2d 561 (Fla. 3d DCA 1976).
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.