300 So.2d 11 (1974)
MILLER MECHANICAL, INC., a Florida Corporation, Petitioner,
v.
Allan F. RUTH, Respondent.
No. 44866.
Supreme Court of Florida.
July 10, 1974.
Rehearing Denied October 4, 1974.
*12 H. Vernon Davids of Davids, Decker, Henson & Hadley, Orlando, for petitioner.
R.L. Russell of Van Den Berg, Gay, Burke & Dyer, Orlando, for respondent.
ADKINS, Chief Justice.
This cause is before the Court on a petition for writ of certiorari directed to the decision of the District Court of Appeal, Fourth District, in Miller Mechanical, Inc. v. Ruth, 287 So.2d 174, which allegedly conflicts with the decision in Data Supplies, Inc. v. Cowart, 240 So.2d 829 (Fla.App.2d, 1970).
The facts, as determined by the trial judge and affirmed by the District Court of Appeal, are as follows: Respondent, hereinafter referred to as defendant, entered into a contract of employment with petitioner, hereinafter referred to as plaintiff, on December 15, 1970. The contract provided that defendant "would not engage in the ownership or operation of a competing business of the same type as the company of Miller Mechanical, Inc., for a period of three years or in a radius of fifty miles." The trial judge found that the contract was valid but unreasonable as to the length of time defendant was proscribed from competing with plaintiff. Although there was no question but that defendant had breached the contract, the trial judge held that the plaintiff had not suffered any pecuniary damages. In finding that the provisions of the contract were unreasonable, the trial judge refused to enforce the contract by way of an injunction and instead awarded nominal damages. The District Court of Appeal, Fourth District, in a per curiam decision affirmed.
The decision sub judice is in direct conflict with Data Supplies, Inc. v. Cowart, supra. The court in Data Supplies held that where the trial court finds that there is a valid contract it would be error for the court not to grant an appropriate remedy. In the case sub judice, the judge held the contract to be valid but refused to grant an injunction and awarded only nominal damages. There is conflict and we have jurisdiction. Fla. Const., art. V, § 3(b)(3), F.S.A.
At common law agreements not to compete were usually held void as a restraint on trade and as being contrary to public policy. Auto Club Affiliates, Inc. v. Donahey, 281 So.2d 239 (Fla.App.2d, 1973); Atlas Travel Services, Inc. v. Morelly, 98 So.2d 816 (Fla.App.1st, 1957). When the Legislature adopted Fla. Stat. § 542.12, F.S.A. (the controlling statute in this case), it recognized the public policy arguments against agreements restricting competition, but nonetheless found several exceptions from the general rule to be reasonable. The statute is designed to allow employers to prevent their employees and agents from learning their trade secrets, befriending their customers and then moving into competition with them. The agreement, however, must be reasonable as regards the time during and the area within which the employee is to be prevented from competing with the employer. Capelouto v. Orkin Exterminating Co., 183 So.2d 532 (Fla. 1966). In determining the reasonableness of such an agreement, the courts employ a balancing test to weigh the employer's interest in preventing the competition against the oppressive effect on the employee. Capelouto v. Orkin Exterminating Co., supra; Auto Club Affiliates, Inc. v. Morelly, supra.
The Court may award damages for breach of contract but the normal remedy is to grant an injunction. Capelouto v. Orkin Exterminating Co., supra. This is so because of the inherently difficult, although not impossible, task of determining just what damage actually is caused by the employee's breach of the agreement. In the event a trial court finds the provisions of the agreement to be unreasonable, the correct procedure would be for the Court to modify the agreement and award an appropriate remedy. Kenco Chemical and Manufacturing Co. v. Railey, 286 So.2d 272 *13 (Fla.App.1st, 1973); Auto Club Affiliates, Inc., v. Donahey, supra; and Atlas Travel Services, Inc. v. Morelly, supra.
The trial court in this case determined that part of the contract was unreasonable, refused to enjoin the defendant and awarded only nominal damages because the plaintiff had been unable to prove damages. It is precisely because damages are so difficult to show that injunctive relief becomes a favored remedy. The trial court should have determined what length of time would have been reasonable under all of the circumstances and granted an injunction for that period of time.
The decision of the District Court of Appeal is quashed and this cause is remanded for further proceedings consistent with these views.
It is so ordered.
ROBERTS, BOYD, McCAIN and DEKLE, JJ., concur.