324 So.2d 189 (1975)
Harry HOROWITZ, On Behalf of Meridian 17 Corporation, a Florida Corporation, Appellant,
v.
UNITED NATIONAL CORPORATION, a Delaware Corporation, et al., Appellees.
No. 75-26.
District Court of Appeal of Florida, Third District.
December 23, 1975.
Rehearing Denied January 21, 1976.
Sams, Anderson, Alper & Post and Frank B. Pridgen, Ronald S. Golub, Miami, for appellant.
Heller & Kaplan, Miami, Finley, Kumble, Heine, Underberg & Grutman and Herbert F. Roth, New York City, for appellees.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
NATHAN, Judge.
This is an appeal by the plaintiff, Harry Horowitz, on behalf of Meridian 17 Corporation, from an adverse final judgment entered after a non-jury trial in an action for fraud, accounting, constructive trust, specific performance and damages against United Investors Corporation, United Meridian Corporation, Meridian Parking Corporation and U.S.I.F. Meridian Corporation, the defendants.[1]
*190 The litigation commenced in 1968 when Horowitz filed a stockholder's derivative suit on behalf of Meridian 17 Corporation, of which he and United Investors Corporation each own 50 per cent of the stock. The action is based on an agreement confirmed by a letter dated August 27, 1964, that the building owned by Meridian 17 Corporation was conveyed to a new corporate subsidiary of United Investors Corporation. As consideration, Horowitz received in excess of $1,200,000 and was stricken as a guarantor and relieved of responsibility for commitments and debts in connection with the building. The letter provided that Meridian 17 Corporation would lease the building from United Meridian Corporation (the subsidiary newly organized to take title) on the basis of a sale and lease-back agreement, but no date was given for commencement of the lease. In 1967, Horowitz demanded that the lease-back agreement be effectuated. The defendants refused to comply and this litigation commenced in 1968. The building was sold by United to USIF Meridian Corporation in 1970. Following several years of procedural skirmishing and the filing of a third amended complaint, the cause came to trial in December, 1974.
The trial court entered an extensive final judgment in favor of the defendants, in which it stated that Horowitz sat on his rights and failed to demand the lease until the building became more profitable. The trial court denied recovery to Horowitz based on laches, waiver, estoppel and lack of definiteness of the agreement in that it failed to provide a time for commencement of the lease.
On appeal from the final judgment, Horowitz contends that he proved every allegation of his complaint and that the judgment is not supported by competent substantial evidence. We do not agree. The general rule, as espoused in Marshall v. C.S. Young Construction Company, 1927, 94 Fla. 11, 113 So. 565, 567, 55 A.L.R. 662, is that nothing can call forth the court of equity into activity but conscience, good faith and reasonable diligence. When these are wanting, the court is passive and does nothing. The court continues by stating that it is not mere delay that constitutes laches. Unreasonable delay in enforcing a right, coupled with disadvantage to another, are the elements of estoppel against the assertion of the right which is called laches. Applying this law to the facts of the instant case, the record demonstrates that there is competent substantial evidence to support the trial court's findings of laches, waiver, estoppel and lack of definiteness of the agreement.
Accordingly, the final judgment is affirmed.
NOTES
[1] This is the fifth appeal in this case. Horowitz v. United Investors Corporation, Fla.App. 1968, 212 So.2d 85; Horowitz v. United Investors Corporation, Fla.App. 1969, 227 So.2d 719; United Investors Corporation v. Horowitz, Fla. 1970, 237 So.2d 180 (cert. den.); United National Corporation v. Horowitz, Fla.App. 1972, 270 So.2d 62.