329 So.2d 332 (1976)
Joseph F. MAIMONE, Appellant,
v.
The WACKENHUT CORPORATION, Appellee.
No. 75-628.
District Court of Appeal of Florida, Third District.
March 9, 1976.
Rehearing Denied April 22, 1976.
Harvey Richman, Miami Beach, for appellant.
Richard H.W. Maloy, Coral Gables, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant seeks reversal of an order enjoining him from operating and administering a security system at a warehouse and storage center in an action for injunctive relief and damages for breach of non-competition agreement.
In September 1973 defendant-appellant, Joseph F. Maimone, was hired by plaintiff-appellee, the Wackenhut Corporation, as supervisor of plaintiff's security system at the Food Fair Corporation's Southern Region Warehouse and Storage Center in Miami. On November 7, defendant signed an employment contract, which in pertinent part provided:
"3. During the tenure of his employment by the Employer and for a period of two (2) years from the date such employment terminates, the Employee will not directly or indirectly, alone or as a member of a partnership, or as an officer, director, stockholder or employee of any corporation, or by or through or as a part of any other entity, tender or perform any service of any value whatsoever, or otherwise engage in any business *333 or other activity (including but not limited to solicitation of Employer's clients and employees) that is competitive with the business conducted by the Employer within the geographical limits of any Area Office (as that term is defined in Section 203 of the Employer's Administrative Manual, as the same may, from time to time, be revised) where the Employee has been assigned during the two (2) years immediately preceding such termination of employment, or within which geographical limits he is employed in any capacity including but not limited to Project Manager."
In October 1974 defendant resigned from the employment of plaintiff, formed his own security service and offered his service to Food Fair for a lower cost than that of plaintiff. Food Fair then terminated Wackenhut's guard service and hired the defendant. Thereupon, Wackenhut filed the instant action for damages and injunctive relief for breach of the non-competition provision of the contract set out above. Summary judgment was entered enjoining the defendant "from the operation, direction, supervision or employment in reference to the guarding or administration of security systems at the Food Fair Southern Region Warehouse and Storage Center located at 7000 N.W. 32nd Avenue, Miami, Florida for a period of two (2) years ..." Defendant appeals.
We find that defendant voluntarily signed this employment contract which contained the non-competition provision and there being no material issues of fact, the trial judge was correct in entering the final summary judgment for plaintiff. See Tasty Box Lunch Co. v. Kennedy, Fla.App. 1960, 121 So.2d 52; Orkin Exterminating Company v. Girardeau, Fla.App. 1974, 301 So.2d 38.
Affirmed.