333 So.2d 521 (1976)
FOSTER AND COMPANY, INC., Appellant,
v.
Jack SNODGRASS, Appellee.
No. 75-466.
District Court of Appeal of Florida, Second District.
June 18, 1976.
Thomas D. Masterson, of Masterson & Rogers, St. Petersburg, for appellant.
*522 E. Paul Dietrich, of Bennett & Dietrich, St. Petersburg, for appellee.
SCHEB, Judge.
Appellant/plaintiff contends the trial court erred in failing to grant injunctive relief under a noncompetitive agreement between it and appellee/defendant. We agree and reverse.
In March 1972, the plaintiff company and defendant entered into a contract whereby the defendant Snodgrass became an independent agent for the sale of the plaintiff's industrial hardware and chemical products. The agreement included a noncompetitive covenant in which Snodgrass agreed that for a period of two years following termination of the agreement he would not compete with the plaintiff (a) within the State of Florida; or (b) within any territory to which he had been assigned during the twelve months immediately preceding his termination; or (c) with any individual account assigned to or serviced by him while he was an independent agent of the plaintiff.
In February 1974, Snodgrass terminated his association with the plaintiff company. He and other former company salesmen established their own business to sell similar products to the trade, in course of which Snodgrass solicited business from his old customers. Plaintiff sought an injunction to prevent the defendant from violating the covenants outlined in (b) and (c) above. Concluding that the defendant Snodgrass was, when employed, an experienced salesman; that he received only nominal material, advice, and assistance, from the company's supervisors; that he received no customer lists or route sheets, but rather, only a price list of limited value, the trial court denied the request for an injunction and this appeal by the plaintiff ensued.
Fla. Stat. § 542.12(2), enacted in 1953, provides in pertinent part:
"... one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area ... so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction."
Where noncompetitive agreements have been shown to be reasonable, they have been consistently upheld by the Florida courts. Miller Mechanical, Inc. v. Ruth, Fla. 1974, 300 So.2d 11; McQuown v. Lakeland Window Cleaning Co., Fla.App.2d 1962, 136 So.2d 370; Atlas Travel Service v. Morelly, Fla.App.1st 1957, 98 So.2d 816. See also, Maimone v. Wackenhut Corp., Fla.App.3d 1976, 329 So.2d 332. There the defendant who served as supervisor for the plaintiff's security system had entered into a two-year noncompetitive covenant with his employer. The trial court's summary judgment, enjoining the defendant from engaging in a competing security guard service for two years after his termination by the plaintiff, was affirmed.
Contrary to the contentions of the defendant, it is not essential that the employer have some special or peculiar product, trade secret, or unique device for marketing its product to justify enforcement of a noncompetitive covenant. Rather, where the agreement is neither harsh nor oppressive, then under Fla. Stat. § 542.12(2) the employee's violation thereof is a sufficient basis for enforcement.
Snodgrass, who had no prior experience in the hardware business, entered into the noncompetitive agreement advisedly, and irrespective of the value of the material and advice furnished him by the company, it would be unjust to allow him to now use to his own direct advantage the customer relationships he established while employed by the plaintiff. The statute, held constitutional in Standard Newspapers, *523 Inc. v. Woods, Fla. 1959, 110 So.2d 397, requires that while there is discretion in injunctive enforcement, it nevertheless follows that where, as here, the violation is clear, that injunctive relief is appropriate and should be granted. Miller Mechanical, Inc. v. Ruth, supra. Miller also holds that where the agreement extends beyond a reasonably limited period of time or embraces more than a limited area, the court may delineate the scope of enforcement to what it determines to be reasonable under the circumstances.
Since the trial judge did not address the question as to reasonableness as to the time and area in which Snodgrass is to refrain from engaging in similar business or soliciting former customers, these issues must be addressed by the trial court on remand.
Reversed and remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and GRIMES, J., concur.