336 So.2d 668 (1976)
AVAILABILITY, INC., Appellant,
v.
Paul W. RILEY, Appellee.
No. 75-1462.
District Court of Appeal of Florida, Second District.
August 27, 1976.
*669 Timothy A. Johnson, Jr., of Johnson, Blakely & Pope, P.A., Clearwater, for appellant.
Hugh E. Reams of Kiernan & Reams, St. Petersburg, for appellee.
McNULTY, Chief Judge.
Plaintiff/appellant Availability, Inc. sought herein to enforce a covenant not to compete. It appeals from an injunction which, while entered in its favor, was limited in its geographic scope to an area less than that contemplated by the restrictive covenant sued on. We reverse.
Appellant is a Florida corporation licensed to operate a private employment agency. It did approximately 66.6% of its business in Hillsborough County, 17.6% in Pinellas County, 6.4% in Polk County, 5% in Sarasota County and the remainder in Lake, Pasco, Hernando, Manatee, Highlands and Orange Counties.
Appellee Riley was employed by appellant from September 1971 until March 7, 1975 when he resigned. His primary duty was to place job applicants to available positions with employers; and most of appellee's placements (72%) were with employers in Hillsborough County, the headquarters of appellant corporation, while 13% of his placements were in Pinellas, 4% in Polk and 11% in Sarasota and Manatee Counties.
After his resignation, Riley applied for an employment agency license and for an employment agent's license in Pinellas County. Appellant filed this action to restrain him and fully to enforce the restrictive covenant.
The restrictive covenant sued on provides in material part as follows:
"The Counselor/Manager [appellee] further agrees that upon the termination of employment for any cause whatsoever, that he will not engage in the same or similar business to wit, the business of a private employment agency or personnel consultant directly or indirectly as an employer, employee, ... for a period of 24 months from the date of termination of employment, within a radius of 100 miles from ... Tampa, Florida."
Following a nonjury trial the trial court found that: (a) the employment agreement entered into between the parties "is a valid, binding and enforceable contract which is tainted neither by fraud nor deceit"; (b) that the president of appellant corporation and appellee Riley were "skilled, trained and knowledgeable, and there was a valid meeting of minds concerning the terms and conditions of the contract"; and (c) that Riley "is a skilled and learned man who is otherwise well able to support himself and his family." Nevertheless, the court determined that "the covenant not to compete in the case at bar does constitute a hardship" upon Riley and that the geographical limitations of the covenant not to compete are "unconscionable and unenforceable in that they are supported neither by fact nor necessity." He thereupon enjoined Riley only from engaging in business in Hillsborough County. We can't agree.
First of all, § 542.12(2), F.S. 1975, and its predecessors during the times material herein, provides in pertinent part that:
"... [O]ne who is employed as an ... employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area ... so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction."
Accordingly, where noncompetitive agreements have been shown to be reasonable, *670 they have been consistently upheld by the Florida courts.[1] In determining the reasonableness of such an agreement the courts first of all, as dictated by the statute, consider the expressed limitations as to time and geographical area. Additionally, the courts employ a balancing test to weigh the employer's interest in preventing the competition against the oppressive effect on the employee.[2]
Here, with respect to time limitations, appellee does not contend, nor did the trial court determine, that 24 months' restriction of activity is an unreasonable length of time. With respect to geographical limitations, even if it be said that the restricted 100 mile radius from Tampa, in Hillsborough County, would be unreasonable, we think it would be unreasonable to deny that Pinellas, adjacent to Hillsborough, ought be included in the restriction in view of the fact that approximately 85% of the appellant's business is in Hillsborough and Pinellas Counties and approximately the same percentage of appellee Riley's business activities while he was employed by appellant was in those two counties. Pinellas County, at least, ought to have been included in the injunction.
With respect to weighing the employer's interest against a potential oppressive effect on the employee, the trial court did not find, and the record would not support a conclusion, that there would be an imbalance. To the contrary, the court expressly found, and it is supportable, that Riley "is otherwise well able to support himself and his family." How, then, is he unduly restricted or oppressed?
The aforequoted statute and the cases, as we read them, give discretion to the courts to construe the reasonableness of a restrictive covenant on its own terms  not discretion to rewrite it so as to be reasonable in other respects. The covenant here was freely entered into by "knowledgeable" men and is not unreasonable on its face. From the findings of the trial court as to the facts, and from the record, it was an abuse of discretion to construe it as being unreasonable in its operative effect.
In view of our disposition hereof, Riley's cross-appeal assailing the award of attorney's fees to appellant as provided for in the employment contract is without merit.
Accordingly, the judgment appealed from insofar as it enjoins appellee Riley only from engaging in the business of an employment agency in Hillsborough County should be, and it is hereby, reversed; in all other respects it is affirmed and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part, reversed in part.
HOBSON and SCHEB, JJ., concur.
NOTES
[1] See Foster and Company, Inc. v. Snodgrass (Fla.App.2d, 1976), 333 So.2d 521.
[2] See Miller Mechanical, Inc. v. Ruth (Fla. 1974), 300 So.2d 11.