367 So.2d 1028 (1979)
The CHESSICK CLINIC, P.A., Appellant,
v.
Dewitt JONES, Appellee.
No. 78-135.
District Court of Appeal of Florida, Second District.
January 19, 1979.
Rehearing Denied February 28, 1979.
*1029 Fred M. Peed of Peed & King, Orlando, for appellant.
Davis G. Anderson, Jr., Tampa, for appellee.
OTT, Judge.
The appellant  a professional medical association  sued appellee  an orthopedic surgeon  on the ground that appellee had breached a restrictive covenant which was part of the employment agreement between the parties. The lower court granted appellee's motion to dismiss Count II of appellant's second amended complaint which sought injunctive relief. We hold that this was error and reverse.
The restrictive covenant between the parties provided as follows:
For a period of two (2) years from the date of the termination of his employment with the company, the Employee shall not, within the geographical limits of Citrus County, Florida, directly or indirectly engage in the practice of medicine.
Paragraph 22 of Count II of the appellant's second amended complaint alleged that the appellant had been irreparably harmed as a direct result of appellee's violation of this restrictive covenant. It was also alleged in Paragraph 22 as follows:
The plaintiff CLINIC has lost profits and goodwill as a result of defendant JONES' wrongful competition, but it has no adequate remedy at law because the amount of this damage is impossible to determine and the damage is of a character that cannot be repaired or estimated in dollars and cents. [Emphasis supplied.]
In Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974) the supreme court was called upon to resolve the conflict between the Second District Court of Appeal in Data Supplies, Inc. v. Cowart, 240 So.2d 829 (Fla. 2d DCA 1970) and Miller Mechanical, Inc. v. Ruth, 287 So.2d 174 (Fla. 4th DCA 1973).
The supreme court in Ruth described what had taken place in the trial court and in the Fourth DCA:
The trial judge found that the contract was valid but unreasonable as to the length of time defendant was proscribed from competing with plaintiff. Although there was no question but that defendant had breached the contract, the trial judge held that the plaintiff had not suffered any pecuniary damages. In finding that the provisions of the contract were unreasonable, the trial judge refused to enforce the contract by way of an injunction and instead awarded nominal damages. The *1030 District Court of Appeal, Fourth District, in a per curiam decision affirmed.
300 So.2d at 12.
The supreme court in Ruth held that "the Court may award damages for breach of contract but the normal remedy is to grant an injunction." 300 So.2d at 12.[1]
In Akey v. Murphy, 238 So.2d 94, 96 (Fla. 1970) the supreme court stated:
An agreement among partners that a withdrawing partner will refrain from engaging in the partnership business within a reasonable area for a reasonable time is not contrary to public policy in general . .. nor to the public policy of this state... .[2]
In Ruth the supreme court explained the underlying considerations thusly:
At common law agreements not to compete were usually held void as a restraint on trade and as being contrary to public policy. When the Legislature adopted Fla. Stat. § 542.12, F.S.A. (the controlling statute in this case)[3], it recognized the public policy arguments against agreements restricting competition, but nonetheless found several exceptions from the general rule to be reasonable. The statute is designed to allow employers to prevent their employees and agents from learning their trade secrets, befriending their customers and then moving into competition with them. The agreement, however, must be reasonable as regards the time during and the area within which the employee is to be prevented from competing with the employer. In determining the reasonableness of such an agreement, the courts employ a balancing test to weigh the employer's interest in preventing the competition against the oppressive effect on the employee. [citations omitted.]
300 So.2d at 12.
Appellant alleged the elements essential for stating a cause of action for injunctive relief under § 542.12. See Hunter v. North American Biologicals, Inc., 287 So.2d 726 (Fla. 4th DCA 1974).
The reasonableness of the durational and geographical limitations remain issues to be tried upon remand.
Reversed and remanded.
GRIMES, C.J., and DANAHY, J., concur.
NOTES
[1] In Foster & Company, Inc. v. Snodgrass, 333 So.2d 521, 522-23 (Fla. 2d DCA 1976) this court followed Ruth as follows:

The [applicable statute] ... requires that while there is discretion in injunctive enforcement, it nevertheless follows that where, as here, the violation is clear, that injunctive relief is appropriate and should be granted.
[2] The Akey court also held § 542.12, Fla. Stat. (1972), infra, to apply to a "profession" as well as to a "business".
[3] 542.12 Contracts in restraint of trade invalid; exceptions

(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsections (2) and (3) hereof, is to that extent void.
(2) One who sells the good will of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the good will from him, and so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction.
(3) Partners may, upon or in anticipation of a dissolution of the partnership, agree that all or some of them will not carry on a similar business within a reasonably limited time and area.