381 So.2d 281 (1980)
ANSWER ALL TELEPHONE SECRETARIAL SERVICE, INC., Appellant,
v.
CALL 24 INC., a Florida Corporation, et al., Appellees.
No. 79-76/T4-362.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
Rehearing Denied March 28, 1980.
Richard D. Stoner, Stephen C. Sawicki, and Elmo R. Hoffman of Hoffman, Hendry & Stoner, P.A., Orlando, for appellant.
Steven C. Burrage of Robert D. Melton, P.A., and H. James Brett, Orlando, for appellees.
SHARP, Judge.
The appellant Answer All Telephone Secretarial Services, Inc. appeals from a final order of the trial court dismissing its complaint with prejudice. Answer All is in the telephone answering service business. It sought damages and injunctive remedies to enforce "non-compete" clauses in employment contracts with six former employees.[1] *282 The six former employees worked as telephone operators or answerers for Answer All. Shortly after they left Answer All they began performing similar services for Call 24, Inc., also an appellee in this proceeding. Call 24 and Answer All are business competitors.
The trial judge ruled that such no-competition clauses in employment contracts are not enforceable under Section 542.12(2), Florida Statutes (1979), unless the employee is competing with the former employer by engaging in a similar business and by soliciting customers of the former employee. Since the appellant could not allege that the appellees were soliciting its former customers, as well as engaging in a competitive business, the lower court ruled no cause of action was stated. We disagree, and reverse the order appealed from, and remand for further proceedings consistent herewith.
The issue involved in this proceeding involves the construction of section 542.12(2), Florida Statutes (1979). It is a novel question for which we find no direct precedent. We also commend the attorneys for both appellant and appellee for their thorough and exhaustive briefs on this question. The statute provides:
(2) One who sells the good will of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the good will from him, and so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction. (Emphasis added)
In Standard Newspapers, Inc. v. Woods, 110 So.2d 397 (Fla. 1959), the Florida Supreme Court upheld the constitutionality of section 542.12(2).
By law are condemned contracts under which persons are restrained from pursuing a lawful profession, trade or business, with two paragraphs of exceptions. One relates to partners and is not involved here. Sec. 542.12(3), supra. The other appears to exclude from the operation of the law persons in three categories: those who sell the good will of businesses, shareholders who sell all their stock in corporations, and employees or agents. Persons in the first two classes may agree with the buyers to desist from engaging in a similar business for a reasonable time in a reasonable area, while those in the third class, agents and employees, may assume the same obligations and may further agree not to solicit old customers of the former employer. (Emphasis added)
Standard Newspapers involved the sale of a newspaper in Marion County by the appellant to the appellee, and the appellee's agreement not to engage in the newspaper business in that county. The Supreme Court's dictum quoted above concerning employee contracts clearly contemplates that either competition in a similar business or solicitation of old customers may be proscribed in employment contracts.
The injuries which may be suffered by an employer when a former employee departs and commences work for a business rival stem not only from solicitation of old customers, but use in a rival business of procedures, methods, trade practices, trade secrets and the like. The two may coincide; *283 or one may occur without the other, as in this case. Solicitation is not essential to bring the non-compete contract within the statute, and assuming the contract is reasonable as to time and area (issues not raised in this appeal, and not addressed by this Court) the contracts are enforceable. See Capelouto v. Orkin Exterminating Co. of Florida, 183 So.2d 532 (Fla. 1966); Royal Services, Inc. v. Williams, 334 So.2d 154 (Fla. 3d DCA 1976); Storz Broadcasting Co. v. Courtney, 178 So.2d 40 (Fla. 3d DCA 1965).
REVERSED AND REMANDED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] The employment contracts provided:

"... Whereas, the Company is engaged in rendering secretarial service for a confidential nature to professional persons and other clients and,
Whereas, the parties acknowledge that the good will, continued patronage and the list of names and addresses of the Company's customers constitute its principal asset, same having been acquired through considerable effort and the expenditure of time and money, and
Whereas the employee is now employed or is about to be employed by the Company to act as a telephone secretary and in connection with her employment and through contact with other telephone secretaries of the Company the employee has become, or will become acquainted with many of the said clients of the Company, their names, addresses and other information regarding service to said customers and will become acquainted with future clients and with other of the Company's business and confidential matters, and
Whereas, the parties acknowledge the necessity of the restrictive covenants of the employee, hereinafter set forth, for the reasonable and proper protection of the good will of the Company's business.
Now, therefore in consideration of the premises and the mutual promises herein contained, it is hereby agreed as follows:
(a) That she will not, during her employment with the Company or within two (2) years after the termination thereof, regardless of the time, manner or cause, or lack of cause, of said termination, directly or indirectly, disclose to any person, firm or corporation the name, address or any other information regarding the clients of the Company or divulge any other information concerning the business of the Company that she has or that she shall have acquired during her period of employment.
(b) That she will not at any time while so employed, or for the period of two (2) years after the termination of her employment .. solicit for telephone answering service any clients of the Company ...
(c) That she will not, at anytime, while in the employ of the Company, and for a period of two (2) years after the termination of her employment, ... directly or indirectly, as principal, agent, employer, employee, director, officer, stockholder, or in any other individual or representative capacity whatsoever, engage in a telephone answering business servicing any subscribers in the area in Orange, Polk, Osceola, Seminole counties, Florida, which is now being served by the central telephone exchange located at Answer All Telephone Secretarial Service, Inc., Orlando, Florida whether by an office and equipment situated outside of said area or within said area.
(d) The Employee acknowledges that a violation of any covenant contained in the preceding paragraphs will cause irreparable damage to the Company, the exact amount of which will be impossible to ascertain and, for that reason, the Employee further agrees that, in the event of such violation, the Company shall be entitled, as a matter of course, to an injunction, in addition to such other remedies as the Employer may have... ."