389 So.2d 1062 (1980)
The TWENTY FOUR COLLECTION, INC., Appellant,
v.
Karen KELLER, Appellee.
No. 80-181.
District Court of Appeal of Florida, Third District.
October 21, 1980.
Rehearing Denied November 14, 1980.
Stephen L. Raskin, Miami, for appellant.
Weintraub & Rosen and Lee I. Weintraub, Miami, for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
On June 18, 1977, Karen Keller was hired as a buyer for the Twenty Four Collection, Inc., which operates several South Florida retail stores selling expensive women's clothing. At that time the parties executed an employment and non-competition agreement which provided that:
In the event of the termination, voluntarily or involuntarily, of the undersigned's employment with the EMPLOYER, for any reason, then for a period of two (2) years from the date of said termination, the undersigned employee will not engage, in any capacity, directly or indirectly, in or be employed by any business in Dade, Broward or Palm Beach Counties, Florida, similar to the kind or nature of business conducted by the EMPLOYER during the employment. [e.s.]
In December, 1978, Ms. Keller was discharged by 24 Collection. The next month, she went to work in the same capacity for A. Jones, Inc., d/b/a "Cache," which is not only engaged in the same business but is 24's primary competitor in the area. 24 then brought this action against Keller for an injunction precluding her employment with Cache and enforcing the terms of the non-compete contract. After a trial which disclosed the facts which have been outlined, the trial court entered a judgment against the plaintiff which held that the *1063 defendant "is not precluded in any way from working for CACHE;" the judgment, however, continued until February, 1981 the terms of an earlier temporary order restraining Ms. Keller from dealing with several named suppliers of 24, with whom she had developed personal relationships while she was employed there, or with any of its former customers. These rulings were based on a sort of "balancing the equities" process in which the chancellor sought to avoid the allegedly harsh result of enforcing the contract against Ms. Keller by depriving her of her desired employment, while protecting what her counsel describes as 24's "legitimate competitive concerns." 24 Collection appeals from the refusal to enforce the agreement as written so as to preclude Keller's employment with a competitor. We agree with its position and reverse.
The non-competitive agreement in question is specifically validated by Section 542.12(2), Florida Statutes (1977) which states, in language which is virtually tracked by the provision before us, that

one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, ... so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction. [e.s.]
There is no doubt either of the applicability of the statute nor the enforceability of agreements which come within its terms. Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974); Capelouto v. Orkin Exterminating Co. of Fla., 183 So.2d 532 (Fla. 1966), appeal dismissed, 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10 (1966). Furthermore, it is established law that a court is not empowered to refuse to give effect to such a contract on the basis of a finding, as was the case below, that enforcement of its terms would produce an "unjust result" in the form of an overly burdensome effect upon the employee. We specifically so held in Barco Chemicals Division, Inc. v. Colten, 296 So.2d 649 (Fla. 3d DCA 1974). Accord, Empiregas, Inc., of Pensacola v. Thomas, 359 So.2d 15 (Fla. 1st DCA 1978), dismissed, 364 So.2d 893 (Fla. 1978); Royal Services, Inc. v. Williams, 334 So.2d 154 (Fla. 3d DCA 1976); Foster and Company, Inc. v. Snodgrass, 333 So.2d 521 (Fla. 2d DCA 1976); Storz Broadcasting Co. v. Courtney, 178 So.2d 40 (Fla. 3d DCA 1965), cert. denied, 188 So.2d 315 (Fla. 1966); Atlas Travel Service, Inc. v. Morelly, 98 So.2d 816 (Fla. 1st DCA 1957). The only authority the court possesses over the terms of a non-competitive agreement is to determine, as the statute provides, the reasonableness of its time and area limitations. E.g., American Building Maintenance Co. of Oakland v. Fogelman, 167 So.2d 791 (Fla. 3d DCA 1964). As the supreme court made clear in the Capelouto case, supra, 183 So.2d at 534:
Absent any overriding public interest in having the restricted employee's services available to it, and we find none present here, the guidelines to be followed in enforcing any such contract are reasonableness as to time and as to area. [e.s.]
Moreover, Ms. Keller's acknowledged employment by a competitor should be enjoined even if she is not or is precluded from soliciting former customers or dealing with former suppliers of the appellant. In Answer All Telephone Secretarial Service, Inc. v. Call 24 Inc., 381 So.2d 281, 282-83 (Fla. 5th DCA 1980), the fifth district correctly stated, through Judge Sharp:
The injuries which may be suffered by an employer when a former employee departs and commences work for a business rival stem not only from solicitation of old customers, but use in a rival business of procedures, methods, trade practices, trade secrets and the like. The two may coincide; or one may occur without the other, as in this case. Solicitation is not essential to bring the non-compete contract within the statute, and assuming the contract is reasonable as to time and area (issues not raised in this appeal, and not addressed by this Court) the contracts *1064 are enforceable. See Capelouto v. Orkin Exterminating Co. of Florida, 183 So.2d 532 (Fla. 1966); Royal Services, Inc. v. Williams, 334 So.2d 154 (Fla. 3d DCA 1976); Storz Broadcasting Co. v. Courtney, 178 So.2d 40 (Fla. 3d DCA 1965).
We therefore find no basis in the law for the ruling below which, while obviously well-motivated, amounted simply to rewriting a duly-executed and valid contract so as to relieve one of the parties of its burdens. Such a result may no more be permitted in the case of an agreement of this kind than any other. Home Development Company of St. Petersburg v. Bursani, 178 So.2d 113 (Fla. 1965); Steiner v. Physicians Protective Trust Fund, 388 So.2d 1064 (Fla.3d DCA 1980). Since Ms. Keller agreed not to work for a competitor after she left 24 Collection, she must be held to that undertaking.
For these reasons, the judgment below is reversed and the cause remanded with directions to enjoin the appellee from a violation of the non-competition agreement. Since it does not appar that the reasonableness of the two year-three county limitation provision has yet been determined below, the issue should be considered after remand.[1] See, e.g., Foster and Company, Inc. v. Snodgrass, supra. In the light of the history of this case, we also deem it appropriate to leave the determination of the injunction's commencement date initially to the discretion of the trial court. See, Uni-Chem Corp. of Florida, Inc. v. Maret, 338 So.2d 885, 887 (Fla. 3d DCA 1976).
Reversed and remanded, with directions.
NOTES
[1] The issue should be decided in the light of such cases as Capelouto, supra, and Maimone v. Wackenhut Corp., 329 So.2d 332 (Fla. 3d DCA 1976), cert. denied, 342 So.2d 1102 (Fla. 1977).