390 So.2d 799 (1980)
SUAVE SHOE CORPORATION, Appellant,
v.
Luis FERNANDEZ, Appellee.
No. 80-503.
District Court of Appeal of Florida, Third District.
December 2, 1980.
*800 Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff and David L. Ross, Miami, for appellant.
Fine, Jacobson, Block, Klein, Colan & Simon, and Joseph H. Serota, Miami, for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
PER CURIAM.
Suave Shoe Corporation, plaintiff below, appeals a final judgment entered after the trial court granted the defendant's motion for an involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b). The dismissal, which was entered at the close of the plaintiff's case in chief, denied an injunction for the enforcement of a non-competition agreement against the defendant, Luis Fernandez, its former employee. The agreement was to prevent the defendant from working for a competitor of the plaintiff in the manufacture and processing of shoe molds.
We reverse on a holding that:
(1) the plaintiff made out a prima facie case for enforcement of the non-competition agreement pursuant to Section 542.12(2), Florida Statutes (1977), Maimone v. Wackenhut Corporation, 329 So.2d 332 (Fla.3d DCA 1976), cert. denied, 342 So.2d 1102 (Fla. 1977); Hunter v. North American Biologicals, Inc., 287 So.2d 726 (Fla. 4th DCA 1974);
(2) the agreement that the plaintiff would provide the defendant with knowledge and training was not a dependent covenant which permeated the contract so that the failure to perform it would have constituted a breach of a principal part of the bargain, 11 Fla.Jur.2d Contracts § 169;
(3) the fact that defendant may not have learned such significant trade secrets which might be used against the former employer was no basis on which to deny the plaintiff's relief, Answer All Telephone Secretarial Service, Inc. v. Call 24, Inc., 381 So.2d 281 (Fla. 5th DCA 1980); Foster and Company, Inc. v. Snodgrass, 333 So.2d 521 (Fla.2d DCA 1976);
(4) Florida courts are committed to the enforcement of non-competition agreements in violation of Section 542.12(2), supra, because of the uniqueness and difficulty in proving money damages, Capelouto v. Orkin Exterminating Company of Florida, 183 So.2d 532 (Fla.), appeal dismissed 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10 (1966);
(5) ordinary equity principles against the issuance of prohibitory injunctions generally do not apply in non-competition agreements, Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974), because the discretion residing in the trial court for the *801 enforcement of a non-competition agreement is ordinarily in fashioning an appropriate remedy as to the time and place of enforcement, Twenty-Four Collection, Inc. v. Keller, 389 So.2d 1062 (Fla.3d DCA 1980); Foster and Company, Inc. v. Snodgrass, supra; and
(6) the failure of the plaintiff to seek an injunction for more than a year after the defendant terminated his employment is not a basis for the denial of the injunction, rather it is the basis for the trial court's fashioning of the reasonableness of the period of time an injunction will be in force, Horowitz v. United National Corporation, 324 So.2d 189 (Fla.3d DCA 1975), cert. denied, 336 So.2d 1182 (Fla. 1976); Peacock v. Firman, 177 So.2d 560 (Fla.3d DCA), cert. denied, 183 So.2d 215 (Fla. 1965).
Reversed and remanded for proceedings not inconsistent herewith.