472 So.2d 812 (1985)
ROLLINS PROTECTIVE SERVICES COMPANY, INC., Appellant,
v.
Jeanine Lyn LAMMONS and Daniel L. Sloan, Appellees.
No. 85-443.
District Court of Appeal of Florida, Fifth District.
July 5, 1985.
Charles M. Rand, of Akerman, Senterfitt & Eidson, Orlando, for appellant.
Peter N. Smith, of Burney and Handley, P.A., Longwood, for appellees.
ORFINGER, Judge.
Appellant, Rollins Protective Services Company, Inc., (Rollins) appeals pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B) from a nonfinal order denying its motion for a preliminary injunction by which it sought to enforce a non-competition clause in two employment contracts. The two separate actions were consolidated by the trial court.
Daniel Sloan was employed by Rollins at its Orlando office. Jeanine Lammons was employed by Rollins at its office in Altamonte Springs. Both signed employment contracts which contain non-competition clauses which prohibit employment in the fire or burglary alarm business for two years after termination of employment with Rollins within a radius of 50 miles from the Rollins' office where they were employed.[1] After several years' employment *813 by Rollins, both resigned and were hired by Alarm Data Corporation, an admittedly competing firm located in Longwood which is within the 50 mile radius of both Orlando and Altamonte Springs.
Following the evidentiary hearing on Rollins' application for a preliminary injunction, the trial court found that there was evidence that Sloan had solicited one prospect to whom he had made a presentation while employed by Rollins, and that both Sloan and Lammons had violated paragraph 5(f) of the contract "by attempting to induce a Rollins' employee to quit his employment with Rollins and undertake employment with Alarm Data." The trial court also found that the two covenants were reasonable as to time and area, yet denied the preliminary injunction because it found that the enforcement of the provision would not accomplish its intended purpose and would be unduly harsh and oppressive on the employees.
We addressed a very similar situation in Sentry Insurance v. Dunn, 411 So.2d 336 (Fla. 5th DCA 1982), and said:
The normal remedy in cases involving convenants [sic] not to compete is injunctive relief since it is extremely difficult for a court to determine what damages are caused by the employee's breach of the agreement. Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974). While a temporary or preliminary injunction is an extraordinary remedy which should be sparingly granted, the establishment of legal rights carries with it the duty to grant an appropriate remedy. Silvers v. Dis Com Securities, 403 So.2d 1133 at 1137 [Fla. 4th DCA 1981].
In Silvers, the court held that in order for a party to be entitled to a temporary or preliminary unjunction for violation of such a convenant [sic], it is necessary to allege: (a) the contract, (b) the former employee's intentional direct and material breach thereof, and (c) that no adequate remedy exists except by injunctive relief. The court went on to hold that irreparable injury, while normally required to support an award of a temporary or preliminary injunction, may be presumed in cases involving violation of *814 a covenant not to compete and need not be alleged or proved. Id. at 1136. Contra Uni-Chem Corp. of Florida, Inc. v. Maret, 338 So.2d 885 (Fla. 3d DCA 1976).
Id. at 337.
In Twenty Four Collection, Inc. v. Keller, 389 So.2d 1062 (Fla. 3d DCA 1980), pet. rev. dismissed, 419 So.2d 1048 (Fla. 1982), the court held that a trial court is not empowered to refuse to give effect to the non-competition provisions of an employment contract on the basis of a finding "that enforcement of its terms would produce an `unjust result' in the form of an overly burdensome effect upon the employee." 389 So.2d at 1063. Section 542.33(2)(a), Florida Statutes, (1983) specifically authorizes such contracts, and when they are reasonable as to time and area, they are enforceable. Answer All Telephone Secretarial Service v. Call 24, Inc., 381 So.2d 281 (Fla. 5th DCA 1980). Even if injunctive relief may be denied where enforcement may be unfair or oppressive, no such evidence was presented here. At the hearing below the contract was shown, the breach was found, and the time and area were found to be reasonable. The trial court's conclusion that the contract should not be enforced because the employees could compete with Rollins outside the 50 mile radius is not a basis for refusing enforcement within the agreed upon 50 mile radius, which is all Rollins is requesting. It was therefore error to refuse the entry of a preliminary injunction.
REVERSED.
COBB, C.J., and FRANK D. UPCHURCH, J., concur.
NOTES
[1] The pertinent language of the Sloan contract reads:

5... .
The Employee hereby expressly covenants and agrees, which covenants and agreements are of the essence of this contract, that he will not, during the term of this agreement and for a period of two (2) years immediately following the termination of this agreement, for any reason whatsoever, directly or indirectly, for himself or on behalf of, or in conjunction with, any other person, persons, company, partnership or corporation:
(a) call upon any customer or customers of the Company solicited or contracted by the Employee or whose account was serviced by the Employee, pursuant to his employment hereunder, for the purpose of soliciting or selling such fire or burglar alarm services within the territory stated in Paragraph 5(g);
(b) nor will he divert, solicit or take away any such customer or customers of the Company or the business or patronage of any such customers of the Company for the purpose of selling such fire or burglar alarm services within the territory stated in Paragraph 5(g);
(c) nor will he call upon, divert or solicit any person, persons, company partnership or corporation for the purpose of selling any such fire or burglar alarm service within the territory stated in Paragraph 5(g);
(d) nor will he service any fire or burglar alarm service contracts or accounts for other employers, or for himself anywhere within the territory stated in Paragraph 5(g);
(e) nor will he divulge to any person, persons, company, partnership or corporation the methods and systems used by the Company in providing fire and burglar alarm systems to its customers;
(f) nor will he induce or attempt to induce, directly, or indirectly, any employee to quit the Employer's employ; nor will he otherwise in any manner interfere with nor disrupt the Employer's relationship with other employees; provided that the obligations set forth in this paragraph are not intended to restrict the rights or remedies which would be available to the Employer in the absence of this provision.
(g) nor will he engage in the fire or burglar alarm
business as a SR SALESMAN anywhere within the
territory as specifically delineated and described as
follows: Orlando
 -----------
 City
 FL and the adjacent area within a 50 mile
-------
 State
radius of the city of Orlando FL .
 ----------- -------
 State State
Lammons' contract was identical, except that it referred to her position as "secretary" and her place of employment as "Altamonte Springs, FL."