511 So.2d 702 (1987)
AIR AMBULANCE NETWORK, INC., Appellant,
v.
Milan FLORIBUS, Migdalia Floribus, Pegasus Jet Aviation Corporation, Appellees.
No. 86-2897.
District Court of Appeal of Florida, Third District.
August 18, 1987.
Rehearing Denied September 18, 1987.
Lieberman, Kobrin, Burke & Pathman and Ronald Pathman, Miami, for appellant.
Alexander M. Siegel, Fort Lauderdale, for appellees.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
After non-jury trial, the lower court found that the employment and non-competitive agreement between Air Ambulance Network, Inc. and its employee Floribus provided for reasonable geographical and temporal limitations and had been breached only by Floribus himself in engaging in a competitive air ambulance business operated by the defendant Pegasus.[1] Nevertheless, the trial judge denied Air Ambulance's application for a permanent injunction[2] enforcing the covenant on the sole ground that it had not established "irreparable injury." This ruling was wrong and the final judgment for the defendants on review, which is wholly based upon it, is reversed.
In the sense in which it is used as a stated prerequisite for granting an injunction, the term "irreparable injury" does not refer to the degree of harm caused by the offending act, see 42 Am.Jur.2d Injunctions § 49 (1969); in other words, it is not required, as the trial judge appeared to believe, that the defendants' breach has resulted in a relatively serious or irremedial blow to the plaintiff's economic health. Rather, "irreparable" means injury "whether great or small," Anderson v. Souza, 38 Cal.2d 825, 834, 243 P.2d 497, 503 (1952), which is not "reparable", that is able to be adequately repaired or redressed in a court of law by an award of money damages. See Puga v. Suave Shoe Corp., 374 So.2d 552 (Fla. 3d DCA 1979); 17 Fla. Jur.2d Injunctions § 22 (1981). In the present area of noncompete agreements, which are validated by Section 542.33, Florida Statutes (1981), our supreme court has applied that aspect of the "irreparable injury" rule under which
[i]t is held that the term "irreparable damage" does not have reference to the amount of damage caused, but rather to the difficulty of measuring the amount *703 of damages inflicted. Thus, an injury is irreparable where the damage is estimable only by conjecture, and not by any accurate standard.
42 Am.Jur.2d § 49, at 790. Thus in Miller Mechanical, Inc. v. Ruth, 300 So.2d 11, 12 (Fla. 1974), it was said that
the normal remedy is to grant an injunction... . This is so because of the inherently difficult, although not impossible, task of determining just what damage actually is caused by the employee's breach of the agreement.
As a logical and legal extension of these principles, the court has recently and specifically held in the determinative case of Capraro v. Lanier Business Prods., Inc., 466 So.2d 212, 213 (Fla. 1985), that "irreparable injury may be presumed upon the breach of a valid covenant not to compete." This conclusion, which clearly precludes inquiry into the existence of "irreparable injury," which is now deemed established as a matter of law in a case like this, requires reversal of the judgment below.
Under Capraro, upon findings, such as those reached below, that the time and space restrictions are appropriate, see American Bldg. Maintenance Co. v. Fogelman, 167 So.2d 791 (Fla. 3d DCA 1964), and that the employer has not itself breached the agreement, see Cordis Corp. v. Prooslin, 482 So.2d 486 (Fla. 3d DCA 1986), the trial court has no power to do anything but enforce the terms of the covenant as written by injunction. See also Twenty Four Collection, Inc. v. Keller, 389 So.2d 1062 (Fla. 3d DCA 1980), pet. for review denied, 419 So.2d 1048 (Fla. 1982). We order that this be done on remand.
Reversed.
NOTES
[1] The appellees claim that the final judgment executed by the trial judge, to which he adhered despite their post-trial motion to amend, should not be given effect because it does not fairly embody his announced rulings at the end of the trial. There is no merit whatever in this position. See Bowery v. Babbit, 99 Fla. 1151, 128 So. 801 (1930); see also City of Pompano Beach v. Beatty, 177 So.2d 261 (Fla. 2d DCA 1965).
[2] A preliminary injunction which had been granted the plaintiff was dissolved.