515 So.2d 1320 (1987)
Anders A. KVERNE, Appellant,
v.
ROLLINS PROTECTIVE SERVICES COMPANY, a Delaware Corporation, Appellee.
No. 86-2306.
District Court of Appeal of Florida, Third District.
November 17, 1987.
Rehearing Denied December 23, 1987.
Edward C. Vining, Jr. and Thomas B. Scott, Miami, for appellant.
Akerman, Senterfitt & Eidson and Kirk L. Burns and Ellen Freidin, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Anders A. Kverne, a former employee of Rollins Protective Services Company, appeals from a final order of the trial court enjoining him from breaching a non-competition provision in his written employment agreement with Rollins. Rollins cross-appeals the trial court's ruling on the duration of the injunction. Based upon the following analysis, we affirm the order granting the injunction but reverse that portion of the order reducing the duration of the injunction.
From 1980 to 1985, Kverne was employed by Rollins as a service technician responsible for installing, servicing, and repairing burglar and fire alarm systems sold by Rollins. During his tenure with Rollins, Kverne signed three written employment agreements which included the following non-competition clauses:
The Employee hereby expressly covenants and agrees, which covenants and agreements are of the essence of this contract, that he will not, during the term of this agreement and for a period of two (2) years immediately following the termination of this agreement, for any reason whatsoever, directly or indirectly, for himself or on behalf, or in conjunction with, any other person, persons, company, partnership or corporation:
* * * * * *

*1321 (d) ... service any fire or burglar alarm service contracts or accounts for other employers, or for himself, anywhere within the territory stated in Paragraph 5(g);
* * * * * *
(g) nor will he engage in the fire or burglar alarm business as a service technician anywhere within the territory as specifically delineated and described as follows: Miami, Florida and the adjacent area within a 50 mile radius of the city of Miami, Florida.
Kverne was subsequently discharged by Rollins on May 8, 1985. Within a week, Kverne went to work as a service technician for Stevenson's Security Systems, Inc., a competitor alarm systems business in Miami. On September 19, 1985, Rollins advised Kverne of his breach of the noncompetition provision of his employment agreement with Rollins. Kverne continued his employment with Stevenson's. On December 13, 1985, Rollins brought an action for injunctive relief.[1] Following a trial, the court entered a final judgment granting the injunctive relief sought by Rollins.[2] The final judgment enjoined Kverne from engaging in the burglar or fire alarm business from July 18, 1986, until December 19, 1987.
We find no merit in Kverne's contention that his status as service technician with Rollins precluded him from obtaining any special knowledge or skills which could damage Rollins through Kverne's subsequent employment with a competitor. The mere fact that Kverne may not have learned any significant trade secrets does not bar the injunctive relief sought by Rollins. Answer All Tel. Secretarial Serv., Inc. v. Call 24, Inc., 381 So.2d 281 (Fla. 5th DCA 1980). Once Rollins presented evidence of a binding employment agreement containing a non-competition covenant, the trial court was correct in enforcing it. Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974); Suave Shoe Co. v. Fernandez, 390 So.2d 799 (Fla. 3d DCA 1980); Twenty Four Collection, Inc. v. Keller, 389 So.2d 1062 (Fla. 3d DCA 1980) rev. denied, 419 So.2d 1048 (Fla. 1982); § 542.33(2)(a), Fla. Stat. (1985). "The only authority the court possesses over the terms of a non-competitive agreement is to determine, as the statute provides, the reasonableness of its time and area limitations." Twenty Four Collection, 389 So.2d at 1063. See Air Ambulance Network, Inc. v. Floribus, 511 So.2d 702 (Fla. 3d DCA 1987) (trial court erred in denying employer's application for permanent injunction once it had found that geographical and temporal limitations in noncompetitive agreement were reasonable). Here, the trial court expressly found that the time and distance restrictions of the covenant not to compete were reasonable. Finding no merit in the remaining points raised by Kverne in his appeal, we affirm the final judgment granting the injunction and enforcing the non-competition provision.
We agree with Rollins' claim on cross-appeal that the trial court erred in scheduling the injunction to run from July 18, 1986, to December 19, 1987, a period of one year and five months. Rollins is entitled to the full duration of the two-year non-competition covenant. Capelouto v. Orkin Exterminating Co. of Florida, 183 So.2d 532, 534-35 (Fla.), appeal dismissed, 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10 (1966); Cordis Corp. v. Prooslin, 482 So.2d 486, 491 n. 3 (Fla. 3d DCA 1986). Having found that the two-year duration was reasonable, the trial court could not shorten the injunction period specified in the agreement. *1322 Apparently, the trial court deemed the injunction to be in effect from December, 1985, when Kverne was served with Rollins' complaint and, thus, calculated that six months of the two years had already elapsed. However, the trial court's scheme "ignores the fact that appellant has participated in the prohibited activities during the course of the litigation." Capelouto, 183 So.2d at 534-35. Accordingly, we reverse that portion of the final judgment regarding the effective dates of the injunction and remand with directions to extend the injunction for the full two years.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Rollins had also sought a temporary restraining order which the trial court denied. This court dismissed Rollins' appeal from the order denying its motion for a temporary restraining order as untimely.
[2] In the original final judgment, the trial court neglected to determine the effective dates of the two-year non-competition period. The subject of Kverne's appeal and Rollins' cross-appeal is the second amended final judgment which sets the injunction to run from July 18, 1986, until December 19, 1987.