537 So.2d 140 (1988)
XEROGRAPHICS, INC., Appellant,
v.
Richard THOMAS, Appellee.
No. 88-825.
District Court of Appeal of Florida, Second District.
December 30, 1988.
Rehearing Denied January 27, 1989.
*141 Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellant.
Jean R. Simons of Simons & Seeley, P.A., Madeira Beach, for appellee.
RYDER, Acting Chief Judge.
In September 1984, appellant hired appellee as a field service technician. At appellant's request, appellee signed a noncompetition agreement. The agreement provided:
In addition, during my employment with Xerographics, and for a period of twelve months after termination of my employment, no matter how occasioned ... I will not, either for my own purposes or as an employee or for the benefit of any other entity or person, directly or indirectly, engage or have any interest in any activity or venture involving the promotion, sale, distribution or service of office copying (including supplies and accessories) within the territory or territories assigned to me during my employment with Xerographics.
From September through November 1984, appellee served a probationary period working as a field service technician in Pinellas and Hillsborough Counties. From November 1984 through October 1985, appellee worked as a service manager in Seminole, Osceola and Orange Counties. In October 1985, appellee resigned from appellant. In February 1986, appellee began employment with Basetec, appellant's competitor, as a field service technician. Basetec conducts business in Pinellas and Hillsborough Counties.
Appellant filed a verified complaint seeking a temporary and a permanent injunction to enforce the noncompetition agreement. Appellant also filed a motion for a temporary injunction. The trial court denied appellant's motion for a temporary injunction. The court held that appellant failed to show any irreparable damage and *142 that the covenant was unclear on the issue of territory assignment.
A nonjury trial was held on the issue of whether a permanent injunction should be issued to enjoin appellee from working in Pinellas and Hillsborough Counties. The trial court denied the injunction. The court held:
1. Plaintiff, XEROGRAPHICS, INC. conducts a business of sales and service of copy machines and supplies, and facsimile equipment, as a dealer of equipment manufactured by various nationally known companies. Plaintiff maintains regional offices in the State of Florida each of which has its own roster of customers for sales and service within a designated territory.
2. During the times pertinent to this action, the Plaintiff required each new employee, as a condition of employment, to sign a "Restrictive Covenant" although verbal assurances were given to new employees that it was a "standard non-compete" agreement prohibiting any departing employee from active solicitation of the company's accounts or of its remaining employees for one year.
3. Defendant ... was employed by Plaintiff as a field service technician for copying equipment on or about September 17, 1984. During a so-called "probationary period", of about 60 days, Defendant worked in equipment in Plaintiff's shop in Pinellas County, did some servicing of equipment for a small number of customers in Pinellas and Hillsborough counties, and attended two out-of-state manufacturer's schools ... for two separate one-week periods. Defendant was required to and did reimburse Plaintiff for that educational expense. In November 1984 Defendant was "assigned" as Service Manager at Plaintiff's office in Orlando, Florida for the territory constituting Orange, Osceola and Seminole Counties, where he stayed until his resignation on about October 11, 1985. During that period Defendant had no access to records or marketing information concerning Plaintiff's customers in Pinellas and Hillsborough Counties.
4. After October 1985, Defendant reestablished his residence in Pinellas County. Beginning in February 1986 Defendant was employed in Pinellas County at Basetec, a competitor of Plaintiff, for several months, as a field service technician.
* * * * * *
6. There was no evidence that the Defendant obtained, had access to or used any information concerning Plaintiff's records of service customers or lists of sales customers in Hillsborough or Pinellas Counties during his employment by Plaintiff in his "assigned" territory which constituted the Florida counties of Orange, Seminole and Osceola.
7. Defendant's work in Pinellas and Hillsborough Counties for a few weeks during his probationary employment period did not constitute a territory to which he was "assigned" and is therefore not considered to be any significance with respect to the provisions of the "Restrictive Covenant". * * *
8. Plaintiff's "Restrictive Covenant" signed by Defendant on September 17, 1984 and sought to be enforced by injunction against Defendant is not unreasonable on its face, although it is extremely broad.
9. Any ambiguities must be resolved against the employer who drew the covenant.
10. It would be unreasonable and oppressive to apply the "Restrictive Covenant" and to enjoin Defendant's employment in the Pinellas/Hillsborough area.
11. Under the facts, circumstances and findings in this case Plaintiff's petition to enjoin Defendant's employment pursuant to the "Restrictive Covenant" in any area other than Orange, Seminole, and Osceola Counties should be denied.
On appeal, appellant contends that the trial court erred in denying appellant a temporary injunction enforcing appellant's noncompetition agreement and also erred in denying appellant a permanent injunction enforcing appellant's noncompetition agreement in Pinellas and Hillsborough Counties. We agree.
*143 Employment contracts containing noncompetition agreements are valid and enforceable in Florida. § 542.33, Fla. Stat. (1985); Graphic Business Systems, Inc. v. Rogge, 418 So.2d 1084 (Fla. 2d DCA 1982). The remedy for breach of a noncompetition agreement is an injunction. Id. For purposes of a temporary injunction, irreparable injury is presumed where there is a violation of a noncompetition agreement. Id.; see also Capraro v. Lanier Business Products, 466 So.2d 212 (Fla. 1985). The court may not refuse to give effect to a valid noncompetition agreement on the ground that enforcement would have an overly burdensome effect on employee. Twenty Four Collection, Inc. v. Keller, 389 So.2d 1062 (Fla. 3d DCA 1980). The only authority the court possesses over the terms of a noncompetition agreement is to determine reasonableness of the time and area limitations. Id. The court is not empowered to rewrite a valid noncompetition agreement. Id. "When a contract is clear and unambiguous, the court cannot give it the meaning other than that expressed in it, and cannot rewrite the contract for the parties." Florida Pest Control & Chemical Co. v. Thomas, 520 So.2d 669 (Fla. 1st DCA 1988). If the trial court finds the provisions of a noncompetition agreement unreasonable, the court should modify the agreement and award an appropriate remedy. Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974).
The fact that a defendant may not have learned significant trade secrets which might be used against the former employer is not a basis on which to deny a plaintiff relief. Suave Shoe Corp. v. Fernandez, 390 So.2d 799 (Fla. 3d DCA 1980); see also Kverne v. Rollins Protective Services, 515 So.2d 1320 (Fla. 3d DCA 1987).
In the instant case, the trial court erred when it denied appellant an injunction enjoining appellee from working in Pinellas and Hillsborough Counties. Appellant's noncompetition agreement prohibited appellee from entering into similar employment for a period of twelve months after termination of his employment with appellant within the "territory or territories assigned to [appellee] during [his] employment with Xerographics". The noncompetition agreement was clear and unambiguous. "Territory or territories assigned ... during employment" clearly encompassed all areas within which appellee performed work for appellant including the work performed during appellee's probationary period.
The noncompetition agreement was reasonable on its face. The one-year restriction was not overly burdensome. The territory restriction certainly was reasonable. Out of sixty-seven counties in Florida, appellee was prohibited from working in five counties only: Pinellas, Hillsborough, Osceola, Orange, and Seminole Counties.
Appellee violated the noncompetition agreement when he began working for Basetec in Pinellas and Hillsborough Counties.
Accordingly, we reverse the trial court's order denying appellant a permanent injunction enjoining appellee from working in Pinellas and Hillsborough Counties. On remand, the trial court must enter an order granting appellant a permanent injunction enjoining appellee from working in Pinellas, Hillsborough, Orange, Osceola and Seminole Counties for a period of one year from the issuance of the trial court's order. See Capelouto v. Orkin Exterminating Co., 183 So.2d 532, 534-35 (Fla.), appeal dismissed, 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10 (1966); Kverne at 1321; Cordis Corp. v. Prooslin, 482 So.2d 486, 491 n. 3 (Fla. 3d DCA 1986).
REVERSED.
LEHAN and PARKER, JJ., concur.